DEMOCRAT PRINTING & LITHOGRAPHING Co. *v.*
CRAWFORD COUNTY.

4-3979

Opinion delivered October 14, 1935.

*R. S. Wilson,* for appellant.
*Batchelor & Batchelor,* for appellee.

JOHNSON, C. J. In 1932, appellant, Democrat Printing & Lithographing Company, furnished necessary supplies to Crawford County in the aggregate sum of $245.40 and simultaneously filed claims therefor. On January 1, 1934, these claims were disallowed by the county court of

Crawford County because in excess of revenues. An appeal was duly prosecuted to the circuit court, where the case was submitted upon an agreed state of facts to the effect that the supplies furnished by appellant to Crawford County in 1932 were necessary for the operation of the county's business and aggregate the total sum claimed; that the total revenues of Crawford County for the year 1932 were $450 in excess of all allowances or expenditures, and that this sum was carried forward into the revenues of said county for the year 1933; that the total revenue receipt of Crawford County for 1933 including the balance carried forward from 1932 was $89.12 in excess of all expenditures, and that this sum was carried forward into the revenues of Crawford County for 1934. The circuit court determined that these claims were in excess of revenues and entered judgment disallowing same from which this appeal comes.

In *Skinner & Kennedy Stationery Co.* v. *Crawford County,* 190 Ark. 883, the facts were that in 1931 the stationery company furnished to Crawford County necessary supplies for the operation of its business in the total sum of $402.77 and simultaneously filed claims with the county court therefor. These claims were not passed upon by the county court until January 22, 1934, when they were disallowed. The opinion reflects that Crawford County had a balance unexpended and carried forward into the general revenues of 1932 of the sum of $126.08; that at the end of the years 1932 and 1933 there remained unexpended balances which were carried into the general revenues in the subsequent years sums in excess of the unexpended balance of 1931, and we there held that the claims should be allowed in the sum of the unexpended balance of 1931 or for the sum of $126.08. The gist of this opinion is that the status of the revenues of the county against which claims may be allowed is reckoned on the date of allowance or disallowance by the county court and not the date or dates on which the claims were filed.

The claims under consideration were filed in the county court of Crawford County in 1932, but were not acted upon by the county court until January 1, 1934.

The unexpended balance of revenues of 1932 which were carried into the general revenues of 1933 was $450, and the net unexpended balance of revenues for 1933 carried forward into the revenues of 1934 was $89.12. Appellant's insistence is that its claims were filed in 1932, and should be allowed in full because the unexpended revenues for that year were in excess of its claims. Appellee now contends that appellant's claims should be restricted to the unexpended balance of 1933 or $89.12 which sum was carried into the revenues of 1934. We think appellee's contention is the correct one. By inaction appellant permitted the unexpended balance of 1932 to be reduced by lawful expenditures to the sum of $89.12 during the year 1933, and this was the only sum unexpended and available with which to pay appellant's claims on January 1, 1934, when they were adjudicated. This is the logical effect of our holding in the Skinner & Kennedy case, *supra,* and we adhere to its doctrine.

The judgment will be reversed and remanded to the circuit court with directions to enter judgment in favor of appellant against Crawford County for the sum of $89.12 and such other necessary orders to carry it into effect.