MILLER COUNTY *v.* BLOCKER.
BLOCKER *v.* MILLER COUNTY.

Nos. 4-4115, 4-4122

Opinion delivered January 27, 1936.

*James D. Head,* for Miller County.
*H. M. Barney* and *Frank S. Quinn,* for Blocker *et al.*

SMITH, J.   The county judge of Miller County allowed claims against that county during the year 1934 amounting to $62,296.07.   The county revenues for that year aggregated $52,263.49.   In addition to these demands against the county arising in 1934, the county court allowed unpaid demands against the county incurred in the years 1932 and 1933 totaling $15,825.71, thus making

a grand total of $78,121.78 in claims allowed against the county in the year 1934.

In February, 1935, claims were presented to the county court for examination and allowance covering the expenses of the previous November term of the circuit court of Miller County aggregating $2,427.60. This claim covered the fees of both grand and petit jurors, those of the clerk and sheriff, and of the witnesses who had attended the court, and other items, all of which would be classed as essential statutory expenses, which would be paid as such, if the revenues of the county permitted this to be done. The county court disallowed those costs, but they were allowed by the circuit court on the appeal, and the county court was directed to issue county warrants covering these items of circuit court expenses. The county has prosecuted this appeal from that judgment.

Upon the trial of the cause in the court below, a request was made that the law be declared as follows: "When the valid claims for the year 1934 were allowed by the county court (upon which warrants were issued) exceeded the revenue for that year, no other claim of any kind could thereafter be allowed legally nor could any warrant be issued legally thereafter."

The circuit court refused to so declare the law, and upon the contrary declared the law to be that the necessary expenses of a term of the circuit court might and should be paid, although the payment could not be made without exceeding the revenues of the county for the year in which the term of court was held.

The question presented requires us to again consider and construe Amendment No. 10 to our Constitution. It is there provided that: "The fiscal affairs of counties, cities and incorporated towns shall be conducted on a sound financial basis, and no county court or levying board or agent of any county shall make or authorize any contract or make any allowance for any purpose whatsoever in excess of the revenue from all sources for the fiscal year in which said contract or allowance is made; nor shall any county judge, county clerk or other county officer, sign or issue any scrip, war-

rant or make any allowance in excess of the revenue from all sources for the current fiscal year.''

It was the opinion of the trial court that if this amendment is read, as it should be, in conjunction with the Constitution of which it has become a part, it should be construed as not prohibiting counties from paying such essential expenses as that of holding terms of courts. The amendment contains no such proviso or exception, and something must be interpolated into or deleted from the plain language of the amendment to find authority to ignore the inhibition that ''no county court * * * shall make or authorize any contract or make any allowance for any purpose whatsoever in excess of the revenue from all sources for the fiscal year in which said contract or allowance is made.''

The recent case of *Skinner & Kennedy Stationery Co.* v. *Crawford County,* 190 Ark. 883, 82 S. W. (2d) 22, reviewed the previous case on the subject, and no useful purpose would be served by a repetition of that review. We were soon thereafter again called upon to construe this amendment in the case of *Harrington* v. *Gillum,* 190 Ark. 987, 82 S. W. (2d) 533, in which case, as in the instant case, we were asked to modify our previous decisions to the extent of holding that expenses incurred pursuant to statutory mandate, as distinguished from claims which had arisen through mere contractual obligations, might be paid even though the payment could be made only by exceeding the revenues of the current year. We held, however, that the language of the amendment above quoted did not permit this to be done, and in so holding we said: ''There can be but one meaning for the language (of the Constitution) quoted, *i. e.,* that whatever the expense may be and for whatever purpose incurred, it falls within the prohibition of the amendment if in excess of the county revenue. No other purpose is indicated by any expression contained in the amendment. The prohibition is clear and explicit and cannot, and ought not to, be refined away by judicial construction. Any other interpretation of the amendment would not only do violence to its express language, but would serve to defeat the very purpose of its adoption.''

The concession is frankly made by appellee, as indeed it must be, that the judgment of the circuit court here appealed from must be reversed unless these and other cases to the same effect are overruled. This we decline to do. These cases were cited and reaffirmed just one week ago in the opinion in the case of *Cook* v. *Shackleford, ante* p. 441, 90 S. W. (2d) 216.

The incidental question is raised whether county revenue accruing and paid into the hands of the county and the circuit court clerks in 1934 are revenues of that year or whether they should be treated as revenues of 1935, since they were not actually paid into the county treasury until January, 1935. That these moneys should be treated as revenue of the year in which they were collected was decided in the case of *Skinner & Kennedy* v. *Crawford County, supra.*

It must be confessed that this construction of the amendment works a hardship upon jurors and others whose attendance upon the term of the circuit court was compelled, and who must now be denied compensation. But this results from the improvidence of the county judge and his failure to make the county's expenditures conform to the limitations of the amendment. It was shown that the statutory expenses of Miller County for the year 1934, including the expenses of the November term, 1934, of the circuit court, aggregated $49,100.92, and that the total receipts of the county for that year were $53,400.07. The statutory expenses might therefore have been paid, all of them, if the county judge had not improvidently incurred obligations of a contractual character which first consumed the county's revenues.

We gave warning of this condition in the case of *Nelson* v. *Walker,* 170 Ark. 170, 279 S. W. 11, where it was said: "It requires no gift of prophecy to see that, if the plain and mandatory provisions of the amendment are given effect, injustice may be done persons who are entitled to compensation from the counties of the State, such as officers of the county, witnesses and jurors, etc. But it is the duty of the county judge to minimize the possibility of this injustice. He must take all these considerations into account before incurring obligations

which a county may and should pay, and, in view of the drastic provisions of the amendment, he should allow a margin of safety. He must measure the county's possible or contingent expenses by the county's ability to pay, and in doing this prudence would suggest the necessity of being able to take care of possible emergencies, such, for instance, as an unusually expensive criminal trial. If he fails to do this, persons who would otherwise be entitled to have claims against a county allowed may be deprived of their just compensation.''

The judgment of the circuit court in the case of *Miller County* v. *Blocker, Circuit Clerk,* No. 4115, will therefore be reversed, and the cause remanded with directions to enter a judgment in accordance with this opinion.

The companion case of *Blocker* v. *Miller County,* No. 4122, has been submitted along with that of *Miller County* v. *Blocker,* and presents for decision a question which appellant states as follows: ''This appeal presents the question as to whether or not, upon the calling-in of all outstanding county warrants in the manner, and for the purposes provided by § 1994 *et seq.,* of Crawford & Moses' Digest of the statutes of Arkansas, the county judge shall, under Amendment No. 10 to the Constitution as construed by the court, distinguish between warrants issued upon valid claims for indispensable governmental expenses essential to the carrying on of the affairs of the county, and warrants issued for contractual dispensable items where the sum total of both classes of warrants issued during the fiscal year have exceeded the total revenues thereof, so as to provide for the reissuance first of the warrants issued for indispensable governmental expenses of the county for such fiscal year, to the exclusion of such contractual warrants as may be necessary to bring the total issue of warrants for both classes of expenses incurred during such fiscal year within the revenues of that fiscal year.''

This question is discussed and definitely decided in the case of *Stanfield* v. *Friddle,* 185 Ark. 873, 50 S. W. (2d) 237, and the holdings in that case were reaffirmed in the case of *Democrat Printing & Lithographing*

*Company* v. *Crawford County,* 191 Ark. 409, 86 S. W. (2d) 552.

This Stanfield case pointed out the distinction between statutory and contractual claims, and the duty of the county court in regard thereto was defined. It was there stated that the county should first pay its indispensable obligations which were incurred in the discharge of the functions of county government imposed by the Constitution or by statute; after which, but not before, the county should pay those obligations which are permissible merely. But if the county judge disregarded this duty, and was not required to so perform it by persons interested in the orderly administration of the county's government, the contractual obligations might be allowed provided the allowance of claims covering them were not in excess of the revenues for the year in which such claims were allowed.

If a warrant issued in payment of a claim which the court has allowed, based upon a contract, is valid at the time of its issuance, it remains valid and its validity is not destroyed by the subsequent issuance of a warrant in payment of a claim which is based upon statutory authority, which last-mentioned warrant was issued after the county's total annual revenue had been expended.

The validity of any warrant depends upon the state of the county's revenues at the time of its allowance. If valid then, it continues to be so. If invalid then, it continues to be void regardless of the subsequent condition of the county's finances. This was the point involved and expressly decided in the recent case of *Cook* v. *Shackleford, ante* p. 44, 90 S. W. (2d) 216.

The judgment of the circuit court in case No. 4122 accords with this answer to the question above stated, and it is therefore affirmed.