CRAWFORD COUNTY *v.* MAXEY.

4-5076

Opinion delivered June 6, 1938.

362

*Ralph W. Robinson* and *R. S. Wilson*, for appellants.
*Partain & Agee,* for appellee.

SMITH, J. A. D. Maxey was a former sheriff and collector of Crawford county. He filed with the county court of that county from time to time from May 4, 1931, to December 10, 1932, claims for the statutory fees allowed by law for services rendered as sheriff to the county. These claims accumulated without action by the county court until they amounted to $8,214.37. On October 1, 1934, the county court made an order disallowing all these claims for the reason that they were in excess of the revenues of the county for the years in which they had accrued.

No appeal was prosecuted from the order of the county court disallowing these claims, but on July 31, 1935, Maxey filed in the Crawford circuit court a petition for a writ of certiorari, asserting that this order of the county court was void, and that the right of appeal had been lost through no fault on his part.

On June 3, 1935, the county court made an order citing the sheriff to readjust and correct errors made in his settlement filed December 27, 1934, which had been approved December 31, 1934. Upon final hearing of this citation on June 28, 1935, it was found by the county

court that Maxey, as sheriff and collector, owed a balance from the collection of the county general taxes of 1933, collected in 1934, of $85.82, also a balance from license fees collected for the year 1934 of $50, and a balance upon fines and forfeitures collected in 1934 of $531.40. The effect of this finding and of the judgment of the county court pronounced thereon is that the sheriff and collector owed a balance on revenues collected for the county in the year 1934 of $667.22. The accuracy of this finding as to the amounts collected does not appear to be questioned, but an appeal was duly prosecuted from the direction of the judgment that Maxey pay this sum into the county treasury.

These two proceedings were consolidated and heard together after the circuit court had refused to dismiss the certiorari proceeding. The court treated this proceeding as an extension of time for appeal from the order of disallowance, for the reason that a showing was made, although disputed, that the county judge had agreed to notify the sheriff when he passed upon these claims, but had failed to do so, and the sheriff was unaware of the action taken until six months had expired.

The case of *Smith & Shoptaw* v. *Stanton,* 187 Ark. 447, 60 S. W. 2d 183, cites a number of our cases dealing with the question of failure to file transcripts on appeal from county and probate courts within the time limited by law, and states the effect of these cases to be that, while the statute prescribing the time of appeal is directory, it should not, on that account, be ignored, and that while ordinarily an appeal would be dismissed, if the transcript was not filed within the time provided by law, it was within the discretion of the court not to do so, and that such action by the circuit court would not be reversed unless an abuse of the court's discretion was shown.

We conclude there was no abuse of discretion on the part of the circuit court in entertaining jurisdiction as upon appeal from the judgment of the county court in disallowing Maxey's claims, nor was it improper to consolidate that case with the appeal from the order of the county court restating the 1934 settlement.

The circuit court found that the claims of the sheriff had been disallowed only because they exceeded the revenues of the county for the years in which they had accrued, and affirmed the order of the county court finding that Maxey owed a balance on account of the 1934 revenues collected of $667.22, but ordered "that he be allowed to recoup such amount out of the money admitted to be owing to him from the general revenue fund of said county."

The state of the record before us is, therefore, as follows: Maxey performed official duties in the years 1931 and 1932 for which he should have been paid out of the revenues of those years respectively, but was not paid because payment could not be made without exceeding the revenues of those years. He is indebted to the county for revenues collected in 1934 in the sum of $667.22, and was allowed recoupment of that amount of his claims for the years 1931 and 1932 against this demand.

Under numerous decisions of this court this was error. Maxey should, of course, have been paid in 1931 and 1932 for the official services rendered by him in those years. We have many times defined the duties of county courts in paying these claims.

In the case of *Miller County* v. *Blocker,* 192 Ark. 101, 90 S. W. 2d 218, we said: "This Stanfield case, (*Stanfield* v. *Friddle,* 185 Ark. 873, 50 S. W. 2d 237), pointed out the distinction between statutory and contractual claims, and the duty of the county court in regard thereto was defined. It was there stated that the county should first pay its indispensable obligations which were incurred in the discharge of the functions of county government imposed by the Constitution or by statute; after which, but not before, the county should pay those obligations which are permissible merely. But if the county judge disregarded this duty, and was not required to so perform it by persons interested in the orderly administration of the county's government, the contractual obligations might be allowed provided the allowance of claims covering them were not in excess of the revenues for the year in which such claims were allowed."

Maxey did not enforce his right to have his statutory claims paid until the revenues had been consumed in paying other claims. But as the revenues have been consumed he cannot now be paid at all.

We have had two cases before us involving claims against Crawford county incurred in the years 1931 and 1932. The first of these cases is that of *Skinner & Kennedy Stationery Co.* v. *Crawford County,* 190 Ark. 883, 82 S. W. 2d 22. There, as that opinion recites, "Skinner & Kennedy Stationery Company sold and delivered to Crawford county in the year 1931 record books and stationery which it is admitted were essential and necessary to the administration of the county government." The claims were for a total amount of $402.77. The revenues of the county were consumed before paying this claim except an item of $126.08, which was carried over into the revenues of 1932. This case reviews a number of our previous decisions construing Amendment No. 10 of the Constitution, and what was there said need not now be repeated, but it was held that the county could pay only $126.08 on the demand, "this being the sum remaining of the revenues for 1931 which was carried over into 1932."

In this Skinner case it was insisted that the collection of certain delinquent taxes had, to the amount of such collection, increased the revenue for 1931 so that the claim might be paid in full; but it was held that the delinquent taxes which were collected in subsequent years were revenues for the year in which they were collected and not for the year for which the taxes became due, as respects the application of such revenues to claims against the county.

The second case was that of *Democrat Printing & Lithographing Co.* v. *Crawford County,* 191 Ark. 409, 86 S. W. 2d 552. There, as the opinion recites, the printing company furnished Crawford county necessary supplies in the aggregate sum of $245.40 in the year 1932. "On January 1, 1934, these claims were disallowed by the county court of Crawford county because in excess of revenues." The holding in the Skinner case, relating to the revenues of the year 1931, was reaffirmed, and we

there said: "The claims under consideration were filed in the county court of Crawford county in 1932, but were not acted upon by the county court until January 1, 1934. The unexpended balance of revenues of 1932 which were carried into the general revenues of 1933 was $450, and the net unexpended balance of revenues for 1933 carried forward into the revenues of 1934 was $89.12. Appellant's insistence is that its claims were filed in 1932, and should be allowed in full because the unexpended revenues for that year were in excess of its claims. Appellee now contends that appellant's claims should be restricted to the unexpended balance of 1933 or $89.12, which sum was carried into the revenues of 1934. We think appellee's contention is the correct one. By inaction appellant permitted the unexpended balance of 1932 to be reduced by lawful expenditures to the sum of $89.12 during the year 1933, and this was the only sum unexpended and available with which to pay appellant's claims on January 1, 1934, when they were adjudicated. This is the logical effect of our holding in the Skinner & Kennedy case, *supra,* and we adhere to its doctrine."

These cases are decisive of this appeal. We have before us the identical showing as to the expenditures and revenues of Crawford county for the years 1931 and 1932. It is not contended that Crawford county has any unexpended revenue for either 1931 or 1932 out of which any part of the claims for the official services rendered in those years could be paid. On the contrary, payment out of the 1934 revenue is asked by way of recoupment, and this was the relief granted by the circuit court. But the services were not rendered in 1934. Unfortunately for appellee they were rendered in the years 1931 and 1932, when they could not be paid without exceeding the revenues of those years, and cannot, therefore, be paid at all.

The case of *Cook* v. *Shackleford,* 192 Ark. 44, 90 S. W. 2d 216, is equally decisive of this case. The facts in that case were that Pulaski county contracted obligations in the years 1931 and 1932 in excess of the revenues of those years. There was a surplus revenue for the year 1934, and it was proposed to pay the 1931 and 1932 claims

out of this surplus. It was held that this could not be done. The headnote in that case reads as follows: "Any contract entered into by the county judge or any allowance made in excess of the county revenues of the year in which the contract or allowance was made is wholly void and cannot be enforced in subsequent years when county funds are adequate to meet such contract or allowance."

So, here, the 1934 revenues with which Maxey now stands charged cannot be used to pay his claims for services rendered in 1931 and 1932, and the judgment awarding the right of recoupment—which, in effect, is a payment, *pro tanto,*—of those claims, will be reversed, and the judgment of the county court for $667.22 revenues collected in 1934 is ordered to stand as being in full force and effect.