EUREKA FIRE HOSE MANUFACTURING COMPANY
v. CITY OF OZARK.

4-6607                                      158 S. W. 2d 679

Opinion delivered February 2, 1942.

*Ira D. Oglesby,* for appellant.

*Mark E. Woolsey,* for appellee.

HUMPHREYS, J.   This is an appeal from a judgment dismissing complaint of appellant seeking to recover a balance of $606.72 due on an alleged contract entered into on July 31, 1931, between appellant and appellee for the sale and purchase of a fire hose for the sum of $950, which sum was to be paid on or before December 17, 1931.

Appellant through its former attorney (Mr. Ira G. Oglesby, its present attorney not having come into the case until 1941) filed its complaint on August 6, 1934, setting out the substance of the contract, the delivery of the hose to and the continued use of same by appellee and payments thereon of $350 on December 17, 1931, and $50 on February 24, 1932.

An answer was filed to the complaint denying each material allegation therein and alleging that the contract which was entered into was void because it exceeded the revenues of appellee, City of Ozark, for the year 1931, and further alleging that all the revenues for the year 1931 had since been expended and exhausted in the payment of subsequent obligations and that no amount was available for the payment of any amount due under the contract.

The suit remained on the docket of the circuit court of Franklin county, Ozark District, and was not called up for trial by appellant until the April, 1941, term of said court.

When trial was demanded appellee filed a motion to dismiss the suit on the ground that the action had been

brought and allowed to lie dormant on the docket for nearly seven years and had not, therefore, been prosecuted with due diligence.

The motion was overruled by the court with permission to appellee to file an amendment to its answer in which it adopted *in toto* its original answer and further stated that the revenues for the year 1931 had been exhausted, and that no funds for that year were available for the payment of any amount of the said alleged contract and expressly pleaded Amendment No. 10 to the constitution of 1874 as a bar to appellant's right to recover.

Although the contract for the sale of the hose has not been abstracted the testimony reflects that it was entered into on July 31, 1931, and signed by the mayor and that it provided for the sale and purchase of fire hose for $950, and that the hose was delivered to, accepted and used by, appellee; that appellee made a payment of $350 thereon under the contract on December 17, 1931, and $50 on February 24, 1932, leaving a balance due of $606.70, including interest; that the evidence fails to show that after making the payments aforesaid any funds remained out of which to pay the balance of said indebtedness. Mr. F. N. Johnston, who was mayor of appellee city, testified that he was authorized by the council to execute the contract, but no ordinance or resolution appears on the record of appellee city showing that such contract was authorized; that on April 22, 1932, appellant wrote R. J. Camill, city clerk, for the payment of the balance due and requested him to put the account in line for a settlement at an early date; that on November 10, 1932, appellant wrote to the mayor, city clerk, and its treasurer for the balance due on its contract and, on January 15, 1932, Mr. Johnston wrote appellant in regard to the balance of $606.70 due and advised him that the bank where the city deposited its funds had closed, and that this fact left them in a bad condition as they had made collection for auto tags for that year and requested an extension of time if they could pay 50 per cent. of the entire amount; that outside of these requests for payment appellant never presented any claim at any time to ap-

pellee city and that nothing appears in the minutes of the council that the claim was passed upon and allowed or disallowed by said council.

We think, under the record as abstracted, the contract was ratified by appellee city, and that it was valid as there is nothing in the record to show that when made the revenues of said appellee were not sufficient to pay the contract price for the hose.

Appellee's answer and amendment thereto alleged that even though the contract was valid when made same was barred under amendment No. 10 to the constitution of Arkansas of 1874, and cannot be paid because of the fact that the revenues for the year 1931 had since been exhausted and expended in the payment of subsequent obligations incurred since the alleged making of the contract, and that there were no funds at the time of the trial in 1941 available for the payment of any amount that might be due under the contract.

The record reflects that Mr. Greer Nichols, present mayor of appellee city, who was familiar with the city finances, testified that the revenues of the city for the year 1939, including what may have come over from 1938 and previous years, had been expended in the usual and ordinary operations of the affairs of said city, and that there were deficits at the close of both 1939 and 1940. In support of this allegation as to the exhaustion of the revenues for the years 1939 and 1940, and previous years including the year 1931, appellee introduced a financial statement of all receipts of every kind, and the source thereof, all disbursements of every kind, date, amount, and purpose of each.

The trial court found from the evidence that "all the revenues of the city for 1939, including whatever revenues, if any, may have come over from 1938 and the previous years, have been expended in the usual and ordinary operations of the affairs of said city; and that the same was true for 1940, and that there were small deficits at the close of both 1939 and 1940."

The statement of the account has not been abstracted, and we must presume that the court's finding was based

upon sufficient evidence. The facts in the instant case bring it within the principles announced in the case of *Pulaski County* v. *Board of Trustees of Arkansas Tuberculosis Sanatorium*, 186 Ark. 61, 52 S. W. 2d 972. In that case Pulaski county became indebted to the board of trustees of the sanatorium under orders of the county court and for which the county agreed to pay $5 per week for each patient. Claims in the usual form provided by law for claims against the county were promptly filed for the amounts due the sanatorium, but were not acted upon by the county court at the time they were filed. At the time of incurring the indebtedness and at the time the claims were filed, Pulaski county had ample funds for the payment of same, and the claims could have been allowed and paid without violating amendment No. 10. The claims were allowed to remain on file until after the revenues for which they were incurred had been exhausted. In the sanatorium case, *supra*, the court recognized that the claims were just and that they should be paid if there were any way in which it could be done without violating amendment No. 10.

The court said in rendering the opinion: "The claims are not only just, but they are of such character that everybody would be glad to see them paid, and all regret that the situation is such that payment is impossible without a violation of the plain provisions of the constitution. The failure to pay them will necessarily result in great hardship. That, however, does not justify the courts in violating the provisions of the constitution."

In disallowing the claims against the county the court took occasion to say: "The debt of the county was incurred, and the claims were due at a time when they could have been paid without violating amendment No. 10. The claims were sent to the county judge, but were not acted on. Nothing was ever done by the appellee to get action on the claims at a time when they could be lawfully paid." The court placed the burden upon the sanatorium to get action upon its claims when they could have been lawfully paid and not having done so could not in some later year demand payment of their claims

when the funds out of which they might have been paid had been exhausted.

In the instant case it was the duty of appellant to have pressed the payment of its claim when the city had funds out of which it might have been paid and not to wait until the funds out of which it might have been paid had been exhausted. Conceding that the claim was valid at the time the contract was made, and that there were funds during 1931 out of which it might have been paid, appellant did not bring a suit against appellee until 1934 and did not ask that the suit be tried until 1941, nearly seven years after the suit was brought. At the time of the trial of the cause it was shown that appellee city did not have any funds brought over from 1931 out of which the claim might be paid. Appellant was not diligent in pressing payment of its claim and on account of this dereliction lost its right to collect the claim out of revenues in subsequent years which were needed and expended in the usual and ordinary operations of the affairs of said city.

We have concluded, therefore, after a careful reading of the abstract of the facts and the able brief of learned counsel for appellant that appellant's right to recover was barred not only at the time the suit was brought in 1934, but at all times thereafter and, in view of this conclusion, the verdict and judgment of the court, sitting as a jury, must be and is affirmed.