ROBERT LEE DEASON *v.* CITY OF ROGERS, ARKANSAS

5-5125                                          449 S. W. 2d 410

Opinion delivered January 26, 1970

[Rehearing denied February 23, 1970.]

1062

*Davis Duty,* for appellant.

*J. Wesley Sampier,* for appellee.

JOHN A. FOGLEMAN, Justice. Appellant, a former member of the Rogers police department, appealed the judgment dismissing appellant's complaint for recovery of "equalization pay" under Act 133 of the General Assembly of 1955 [Ark. Stat. Ann. §§ 19-1713 and 1714 (Repl. 1968)] for 13 annual legal holidays which occurred each year during the period of his employment. The dismissal was entered upon the sustaining of appellee's special demurrer. The court's action was premised upon its conclusions that appellant could not sue the city upon a statutory liability, and that his action was precluded, in any event, by Amendment No. 10 to our Constitution. Incidentally, the circuit court construed §§ 19-1713 and 1714 to mean that appellant, and

others similarly situated, were to be given additional pay only for those holidays upon which they worked.

Appellant's first point for reversal is an assertion that the act in question entitled policemen to additional pay for all legal holidays recognized by the state rather than just for those holidays on which they actually worked. We disagree with the circuit judge on this point. We take the language of the statute to be clear and unambiguous in the statement of a legislative intention that all policemen be paid additional compensation for all legal state holidays regardless of whether they actually worked on each of those holidays. The pertinent part reads:

> "From and after the passage of this act all policemen shall be paid for the thirteen (13) Arkansas legal holidays as set forth in Section 69-101 and 69-104 of the Arkansas Statutes."

This declaration was a statement of public policy by the legislative branch of our state government and a directive to the municipalities of our state.

Appellant's second point is directed to the circuit judge's holding that appellant is limited to remedies such as mandamus to city authorities, at least until the General Assembly implements the statute by granting the right to individual policemen to bring suits against the city. We agree with appellant that he is not so limited. Suits have been brought against municipalities on various contractual liabilities in numberless cases which have reached this court without the question of a city's immunity from suit having been raised. The only immunity from suit that has actually been recognized in this state was in cases wherein tort liability was asserted. See discussion in opinions in *Parish* v. *Pitts*, 244 Ark. 1239, 429 S. W. 2d 45. Where a city is acting in a proprietary, rather than in a governmental capacity, there has never been any immunity from any liability.

*Arkansas Valley Compress & Warehouse Co.* v. *Morgan,* 217 Ark. 161, 229 S. W. 2d 133; *Collie* v. *City of Fort Smith,* 73 Ark. 447, 84 S. W. 480. We held in *Wayland* v. *Snapp,* 232 Ark. 57, 334 S. W. 2d 633, that a city authorized to mortgage its property is subject to foreclosure on breach of the condition, overruling the contention that such an action would be in violation of Article 5, Section 20 of our Constitution making the state immune from suit. Suits against counties, the agencies of our state government most comparable to cities, are limited only by Act 16 of 1879. Prior to this enactment statutes provided for suits against counties in our circuit courts. See *Nevada County* v. *Hicks,* 48 Ark. 515, 3 S. W. 524. No statute governing claims against municipalities is in effect. Yet, we have gone no farther than to say that an action will not lie against a municipal corporation as an agent of the state for governmental purposes in the absence of a statute making it liable. *Jones* v. *Sewer Imp. Dist. No. 3,* 119 Ark. 166, 177 S. W. 888; *Gregg* v. *Hatcher,* 94 Ark. 54, 125 S. W. 1007. Arkansas Statutes Annotated § 19-2301 (Repl. 1968) provides that cities may sue and be sued. Since there is a statute fixing the liability asserted by appellant, and no statute providing any other procedure for the assertion of claims against a municipal corporation, we find no greater impediment to a suit against a city upon a statutory liability than to one upon a contractual liability. We hold that the fixing by statute of a specific liability of a municipal corporation which may sue and be sued is sufficient authorization for a suit to enforce that liability in the absence of any statute providing some other procedure for doing so. The existence of the statutory right implies the existence of an appropriate remedy. *Sullivan* v. *Little Hunting Park, Inc.,* 396 U. S. 806, 90 S. Ct. 400, 24 L. Ed. 2d 386 (December 15, 1969). In *Wayland* v. *Snapp,* supra, we held that the mere legislative authorization to mortgage city property also authorized a suit against the city to foreclose. We clearly said that the General Assembly might authorize suits against municipalities.

Appellee asserts that the trial court correctly held that Amendment No. 10 is a bar to appellant's action. This constitutional provision prohibits a city from entering into any contract or making any allowance in excess of the revenue for such city for the current fiscal year. It cannot be ascertained from the face of appellant's complaint that the allowance of appellant's claim would necessarily cause the revenues of appellee for any year or years to be exceeded. This is a matter which may be asserted as a defense and must be supported by evidence showing the revenues of the city for the year or years involved and the allowances properly chargeable against those revenues. The burden of showing that payment of an obligation would constitute a violation of this amendment is upon the party making that assertion if a question of fact is involved. See *Chestnutt* v. *Yates,* 177 Ark. 894, 9 S. W. 2d 37; *Eureka Fire Hose Mfg. Co.* v. *City of Ozark,* 203 Ark. 709, 158 S. W. 2d 679. There is no way that this court or the circuit court could possibly ascertain, on the record, what the revenues or expenditures of the city amounted to in the year or years involved, what disposition may have been made of any surplus in any such year, or what other claims against any surplus might be outstanding. These are all factual questions to be determined whenever it is ascertained into which year or years appellant's claim falls. See *Manhattan Rubber Mfg. Division* v. *Bird,* 208 Ark. 167, 185 S. W. 2d 268, 159 A. L. R. 1257, and cases cited therein; also, *Democrat Printing & Lithographing Co.* v. *Crawford County,* 191 Ark. 409, 86 S. W. 2d 552, and cases cited therein.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.