Honorable Richard L. Barclay State Representative P.O. Box 279 Rogers, Arkansas 72757
Dear Representative Barclay:
This is in response to your request for an opinion concerning holiday pay for law enforcement officers and fire fighters. You have asked the following specific questions in this regard.
(1) Does a law enforcement officer have to be physically on duty on the specific holiday to be compensated for that legal holiday (i.e. are off-duty officers paid for legal holidays, and if so, is the rate of pay less for off-duty officers than on-duty)?
(2) Is it permissible for the municipality to pay holiday compensation in some form other than prorated and paid on regular payroll periods or paid in a lump sum on a date in December?
(3) Can the municipality pay holiday pay to law enforcement officers under one method and utilize the other method to pay holiday pay to firefighters or must they both be the same?
The answer to your initial question appears to be no. In Deason v. Rogers, 247 Ark. 1061, 449 S.W.2d 410 (1970) and City of Forth Smith v. Brewer, 255 Ark. 813, 502 S.W.2d 643 (1973), the Arkansas Supreme Court construed the predecessor provisions of Act 501 of 1987, pertaining to holiday compensation for policemen and firefighters, and concluded that it was the intent of the legislature that policemen and firemen be compensated for legal holidays regardless of whether they actually worked on those days. The provisions construed in these cases have since been repealed, and Act 501 of 1987 [codified at A.C.A. 14-52-105 and 14-53-106
(Supp. 1987)] does differ somewhat from these predecessor acts. However, the essential import of Act 501 remains unchanged, and it is my opinion that a court would similarly construe the new act to mandate holiday compensation for off-duty officers.
The Code prescribes the rate of compensation to be paid firemen and policemen:
 This compensation shall be based on the law enforcement officer's [and firefighter's] daily rate of pay and in addition to the regular pay schedule.
See, A.C.A. 14-52-105(b) and 14-53-106(b) (Supp. 1987).
Subsection (d) of 14-52-105 and 14-53-106(b) establishes the manner in which holiday compensation is to be paid:
 This compensation shall be prorated and paid during the regular payroll periods or paid in one (1) lump sum annually on a date in December designated by the municipality.
The Code does not appear to authorize the payment of holiday compensation in a manner other than on a specific date in December designated by the city, or prorated and paid at regular payroll intervals. Thus, in response to your second question, payment of holiday compensation appears to be limited to the methods set forth above.
Since these Code provisions appear to authorize both methods of payment, it may be concluded that the city has the discretion to elect different methods, so long as there is a rational basis for the differentiation.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.