The Honorable James C. Scott State Senator 321 State Highway 15 North Warren, AR 71671
Dear Senator Scott:
This is in response to your request for an opinion on the following question:
 Is there a minimum number of holidays for which municipalities must pay uniformed law enforcement officers?
It is my opinion that the answer to this question is "no." As you note in your request, Arkansas Code Annotated § 14-52-105(a) (Cum. Supp. 1991) provides that municipal law enforcement officers shall be compensated for all legal holidays established by the city's governing body. The actual language is as follows:
 All law enforcement officers regardless of their titles, such as city marshal, employed by cities of the first or second class or incorporated towns shall be compensated for all legal holidays established by the governing body of the municipality.
It is a well-established rule of statutory construction that a statute must be construed just as it reads, giving words their ordinary and usually accepted meaning in common usage. City ofHot Springs v. Vapors Theatre Restaurant, Inc., 298 Ark. 444,769 S.W.2d 1 (1989). Legislative intent must, moreover, be discerned from the language employed if a statute is clear and unambiguous on its face. Wilcox v. Safley, 298 Ark. 159,766 S.W.2d 12 (1989). These precepts compel me to conclude that there is no minimum number of holidays for which the officers must be paid. The statute contains no such requirement on its face. Rather, it states that compensation shall be required for "all legal holidays established by the governing body." (Emphasis added.) The statute does not require the governing body to establish a given number of holidays. Nor am I aware of any separate requirement in this regard.
The legislative history of § 14-52-105 also confirms this interpretation, if it is assumed that there is some ambiguity. The current language of this Code section is derived from Act 252 of 1985, as amended by Act 501 of 1987. The 1985 Act repealed two prior acts granting holiday pay for firemen and policemen. Acts 132 and 133 of 1955 stated that the officers "shall be paid for the thirteen Arkansas legal holidays as set forth in Sec. 69-101 and 69-104 of the Arkansas Statutes."[1] See Acts 1955, No. 132, § 1 and Acts 1955, No. 133, § 1. Thus, prior to the passage of Act 252 of 1985, municipalities were required to pay their law enforcement officers for an established number of holidays. See Deason v. City of Rogers, 247 Ark. 1061,449 S.W.2d 410 (1970). Act 252 signifies a marked departure from the prior law. Had the legislature intended to require payment for a minimum number of holidays, it could have easily so provided.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] The current language of Ark. Stat. Ann. § 69-101 is found at A.C.A. § 1-5-101 (1987). Sec. 69-104 was repealed by Act 976 of 1975.