The Honorable Shane Broadway State Representative 201 South East 2nd Street Bryant, Arkansas 72202-4025
Dear Representative Broadway:
This is in response to your request for an opinion on the following question:
 If a firefighter or police officer is off work and receiving Workers' Compensation, and there is a holiday(s) during the time they are off, then in December when they get paid for their holidays, does the city pay the employee for the holiday(s) that occurred while receiving Workers' Compensation?
RESPONSE
In my opinion the answer to this question is unclear under current law. The answer may depend upon whether the entitlement to holiday pay was used to calculate the workers' compensation benefits. If so, an additional payment in December for those holidays would seem inequitable.
The relevant statutes are A.C.A. §§ 14-52-105 (police officers) and14-53-106 (firefighters). The first statute provides as follows:
 (a) All law enforcement officers regardless of their titles, such as city marshal, employed by cities of the first or second class or incorporated towns shall be compensated for all legal holidays established by the governing body of the municipality.
 (b) This compensation shall be based on the law enforcement officer's daily rate of pay and in addition to the regular pay schedule.
(c) This compensation may be included within the officer's base pay.
 (d) This compensation shall be prorated and paid during the regular payroll periods or paid in one (1) lump sum annually on a date in December designated by the municipality.
The statute relating to firefighters (A.C.A. § 14-53-106), is substantially similar.
Your question is whether a police officer or firefighter who is off work and receiving workers' compensation for a portion of the year is entitled to receive holiday pay in December for the holidays which occurred during the period of workers' compensation. I have found no state statute or relevant case law addressing this question. The statutes referenced above are mandatory, and require the payment of holiday compensation whether the employee works that holiday or not. Cf. Deason v. Rogers,247 Ark. 1061, 449 S.W.2d 410 (1970).
The statutes do not address, however, the application of this statute in the event the employee is receiving separate workers' compensation payments. Such payments are typically based upon the employee's "average weekly wage." See, e.g., A.C.A. § 11-9-518(a)(1). Payments ordinarily are made at the rate of two-thirds (66 2/3%), of the employee's "average weekly wage." See A.C.A. §§ 11-9-519 and -520. A pertinent question might be whether the employee's receipt of workers' compensation includes, in the computation of "average weekly wage," the holiday pay authorized by state statutes. I do not know the answer to this factual question, and such answer may depend upon the facts of each particular case. Cf. Taborv. Levi Strauss Co., 33 Ark. App. 71, 801 S.W.2d 311 (1990) (a piece-rate worker's bonus, vacation, and holiday pay are not to be included in the computation of average weekly wage).
If the employee received workers' compensation benefits computed with regard to holiday pay, the payment of holiday compensation to him in December for the holidays occurring during the period of disability would result, to some degree, in double compensation. Cf. Jones v.Chevrolet-Tonawanda Division, GMC, 87 A.D.2d 924, 450 N.Y.S.2d 62 (1982) (allowing employees receiving workers' compensation to receive holiday pay under collective bargaining agreement and full wages would achieve disproportionate result, entitling employer to reimbursement). A question arises as to whether any payment of holiday compensation to such an employee in December is proper.
If the employee's receipt of workers' compensation benefits did not include any calculation with regard to holiday pay, in my opinion the employee is nonetheless entitled to the holiday pay mandated by state statutes. Again, however, relevant law does simply not address the issue.
Until legislative or judicial clarification is obtained on the question, therefore, it is up to each individual municipality to evaluate the facts of each case and make a determination as to the appropriateness of making the December payment.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh