The Honorable Chris Raff Prosecuting Attorney Seventeenth East Judicial District 411 N. Spruce Street Searcy, AR 72143
Dear Mr. Raff:
This is in response to your request for my opinion on the following question:
 In fiscal year 2000, a certain sum of funds were [sic] appropriated to the White County Sheriff's Department and the White County Detention Center, by the Quorum Court from the budget of White County. At the end of fiscal year 2000, there was a surplus of appropriated funds left for these departments.
 In fiscal year 2001, unpaid and outstanding bills for the Sheriff's Department accrued in fiscal year 2000 were submitted for payment. These fiscal year 2000 bills were paid from the monies appropriated for the White County Sheriff's Department for fiscal year 2001.
 Is it appropriate or legal under Arkansas Law for fiscal year 2000 bills to be paid out of funds appropriated to the White County Sheriff's Department for fiscal year 2001?
More specifically, my inquiries reveal that the White County Sheriff has reported to the Legislative Auditor that the "the Sheriff's Dept and Detention Center ended December 31, 2000 with a combined balance of $117,336.51 remaining in their 2000 budget to pay any outstanding bill, but instead of paying these bills out of the 2000 budget they paid them out of the 2001 budget." The Sheriff further reports that "$80,000+ worth of fiscal year 2000 bills were paid out of fiscal year 2001 budget." In response to a request whether such payments were properly made, the Field Audit Supervisor observed:
 The County Financial Management System Manual [the "Manual"] addresses the issue of accounts payable and states that ". . . those obligations incurred by a County on or before year-end which are not entered in the County Court Claims Docket/Warrant and Transfer register until next year should be posted to the prior year Appropriations Journal to ensure that the proper year's appropriation is charged with such obligation . . ."
RESPONSE
In my opinion, if the carryover is properly appropriated and the disbursement properly approved by the county judge, payment of 2000 bills might be made from the 2001 carryover. Although the procedures dictated in the Manual would appear to be consistent with this conclusion, I am unable to determine whether they were observed in this case.
Your question closely resembles one addressed in detail in the attached Ark. Op. Att'y Gen. Nos. 89-111, 85-221 and 85-185. All three of these opinions advance the proposition that any attempt to pay bills incurred in one year out of revenues of a following year would offend the provisions of Ark. Const. art. 14, § 2, as amended by Ark. Const. amend. 10, which provides in pertinent part:
 The fiscal affairs of counties, cities and incorporated towns should be conducted on a sound financial basis, and no county court or levying board or agent of any county shall make or authorize any contract or make any allowances for any purposes whatsoever in excess of the revenue from all sources of the fiscal year in which said contract or allowance is made; nor shall any county judge, county clerk or other county officer, sign or issue any scrip, warrant or make any allowance in excess of the revenue from all sources for the current fiscal year. . . .
See Goodwin v. State, 235 Ark. 457, 463, 360 S.W.2d 490 (1962) ("`To make a contract in one year to be paid out of the revenue of a succeeding year is a violation of Constitutional Amendment No. 10.'") (quoting City ofLittle Rock v. White Company, 193 Ark. 837, 839, 103 S.W.2d 58 (1937)). The application of these principles prompted my predecessor to conclude,inter alia, in Ark. Op. Att'y Gen. No. 85-221:
 1. Under constitutional and statutory law, a county may not pay for services or goods encountered in one year out of the succeeding year's revenues unless there is sufficient carryover in the budget category in question from one year to the next and the Quorum Court has validly appropriated such monies.
* * *
 6. Arkansas law does not allow payment of the 1984 invoices from 1985 revenues if no funds and appropriation existed.
It follows from the foregoing that the White County Quorum Court could not appropriate 2001 revenues to pay bills incurred by the White County Sheriff's Department and the White County Detention Center in 2000. SeeCrawford County v. Maxey, 196 Ark. 361, 118 S.W.2d 257 (1938) (reversing allowance to sheriff of claims for expenses in prior years when no carryover revenue remained from those years). However, I believe any funds appropriated in 2000 to pay such bills but not actually expended by allowance during that year might be expended in 2001 to defray costs incurred in 2000.[1] Although there appear to have been sufficient unexpended 2000 revenues to defray unpaid 2000 costs in 2001, only a finder of fact could determine that payment was properly made and recorded in accordance with the Manual.
Finally, I consider inapplicable the following statute recited by the White County Sheriff in his correspondence to the Legislative Auditor:
 When any surplus is left remaining unexpended and unappropriated in the county general fund, the county road fund, the school fund, or any other special fund provided by law from any previous year, the county court of any such county is authorized, by proper order made and entered, to transfer and add the surplus to the respective funds of which the surplus remains unexpended and use it as the revenues for the current fiscal year into which it is transferred and added if all outstanding indebtedness for the fiscal years in which the surplus accrued has been paid.
A.C.A. § 14-21-106. This statute deals with the carryover of unexpended, unappropriated surplus funds from one year to the next when no outstanding indebtedness remains for the fiscal year in which the surplus accrued. As I understand it, that is not the situation in this case.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
Enclosures
[1] For a discussion of the relationship between the mechanics of appropriation and specific allowances from appropriations through the action of the county judge, see Ark. Op. Att'y Gen. No. 2000-064.
I should note that the provision for carryover of properly appropriated, unexpended funds applies to cities as well as counties. See Ark. Op. Att'y Gen. No. 91-289 ("[A] city may not lawfully pay for goods or services or other obligations incurred in one year out of the succeeding year's revenues unless there is a sufficient carryover in the budget category in question from one year to the next and the quorum court [sic: `city council'] has validly appropriated such monies. Ark. Const. amend. 10 and Ark. Const. art. 12, § 4; See also Ark. Att'y Gen. Op. Nos. 89-111 and 85-221.").