The Honorable Bryan B. King State Representative 871 County Road 814 Green Forest, Arkansas 72638-2657
Dear Representative King:
I am writing in response to your request for my opinion on the following questions:
Is the procurement of health insurance for county employees a "personal service" under A.C.A. 14-14-1102, which explicitly includes, "for salaries, wages, or other forms of compensation"?
When the county renews or extends a county health plan policy with the subject carrier, can the county judge accept a new insurance agent for the health insurance policy, or does the modification require the current insurance policy to be terminated?
Can a county judge elect to renew or extend the county health care plan from the current term in accordance with the contract renewal provisions, or does Arkansas law restrict renewal or extension of insurance contracts from year-to-year in accordance with the contract terms?
Can a county procure the assistance of a professional to assist in the selection of a health insurance plan? Can the procurement of a health insurance policy for county employees constitute a "professional service" under A.C.A. 19-11-801 et seq.? What if the county quorum court passed an ordinance declaring the procurement of the county health plan to be a "professional service" under A.C.A. 19-11-801 et seq.?
You report that the counties in your district "would like to renew their health insurance contracts and other insurances from year to year without having to re-bid each year." You further report the following:
The secondary objective of seeking your opinion relates to a lack of clarity in the law as to whether the procurement of health insurance or insurance is a "commodity" as defined by Ark. Code Ann. § 14-22-101, et seq. or a "personal service" under A.C.A. § 14-14-1102. Arkansas Code Annotated § 14-22-101, et seq. is silent as to whether "insurance" falls within the scope of the definition of "commodity" and thus is subject to the competitive bid process. Ark. Code Ann. § 19-11-902, the law for the state on bidding commodities, explicitly includes "insurance" as a "commodity." Under the County subtitle, A.C.A. § 14-14-1102 provides for a category of service other than a commodity referenced as "personal services." Health insurance is included within the budget of counties as a "personal service" along with FICA, workers compensation, retirement matching, etc.
RESPONSE
With respect to your first question, this office has in the past opined that the procurement of insurance coverage on county employees is a personal service, as distinct from a "commodity," and hence would not be subject to statutory bidding requirements. Op. Att'y Gen. No. 83-225. Although I do not necessarily disagree with this conclusion, I must note that the law includes within the definition of "commodities" "services other than personal services," A.C.A. § 14-22-101(1), and the Code at no point defines the term "personal services." I am consequently unable categorically to opine on your question, although, as just noted, I am not inclined to disagree with my predecessor on this point. Legislative clarification appears warranted. With respect to your second question, only a finder of fact acquainted with all the terms of a particular contract could determine whether the county judge was authorized to accept a new insurance agent for a given health insurance policy. With respect to your third question, the only restrictions on a county judge's ability to renew or extend a health care plan would be, on the one hand, any contrary provisions in the contract itself and, on the other, the constitutional mandate that a county not incur liabilities in any given year in excess of county revenues for that year. Ark. Const. art. 12, § 4. As noted in response to your first question, I do not believe a contract of the sort at issue would be subject to an annual bidding requirement. With respect to your fourth question, I am unaware of any provision of law that would preclude a county from retaining a "professional to assist in the selection of a health insurance plan." I cannot answer the purely factual question of whether the services rendered by any such individual would amount to "professional service" as that term is used in A.C.A. § 19-11-801 et seq. Assuming the individual's performance did not amount to "professional service" under A.C.A. § 19-11-801, I do not believe the quorum court could by ordinance simply declare the performance a "professional service" and thereby avoid state law requiring competitive bidding.
Question 1: Is the procurement of health insurance for county employees a "personal service" under A.C.A. 14-14-1102, which explicitly includes, "for salaries, wages, or other forms of compensation"?
Although this office has previously opined that the procurement of insurance for county personnel appears to be a "personal service" that does not fall within the statutory definition of "commodity," Op. Att'y Gen. No. 83-225, hence exempting such service from any requirement of competitive bidding, I believe the law on this question is not entirely clear. I am not prepared, however, to opine that my predecessor was mistaken in his conclusions.
Notwithstanding what appears to be your suggestion that "personal service" is addressed in A.C.A. § 14-14-1102 (Repl. 1998), which sets forth the powers of the county judge, the statute provides only that the county judge "shall be responsible for . . . the purchase of labor or services performed by individuals . . . for salaries, wages, or other forms of compensation." A.C.A. § 14-14-1102(b)(5)(A). In my opinion, for purposes of classifying "the procurement of health insurance for county employees," more directly on point is A.C.A. § 14-22-101(A) (Supp. 2007), which is contained in the chapter of the Arkansas Code dealing with county purchasing procedures. This statute defines the term "commodities" as follows:
 "Commodities" means all supplies, goods, material, equipment, machinery, facilities, personal property, and services other than personal services, purchased for or on behalf of the county[.]
(Emphasis added.)
With respect to your specific question regarding whether the procurement of health insurance for county workers constitutes a "personal service," you are apparently concerned that the following definition, which applies to state purchasing procedures, mandates that the provision of such insurance instead be designated a "commodity" subject to the requirement of competitive bidding:
"Commodities" means all property, including, but not limited to, equipment, printing, stationery, supplies, and insurance, but excluding real property, leases on real property, or a permanent interest in real property[.]
A.C.A. § 19-11-902(a)(2) (Supp. 2007) (emphasis added); see also A.C.A. § 19-11-203(4) (Supp. 2007) (containing a virtually indistinguishable definition of the term under the Arkansas State Purchasing Law). Although including "insurance" within the definition of "commodities" appears to run counter to the ordinary-language meaning of the latter term,[1] the legislature is authorized to define a term as it wishes, and the definition of "insurance" in this subchapter as a "commodity" is unequivocal. However, this definition is contained in a subchapter devoted exclusively to state, as opposed to local, government. See, e.g., A.C.A. § 19-11-902(b)(5) (Supp. 2007) (defining an "ordering office" as being "any state department, independent establishment, board, commission bureau, service, or division of state government and any wholly owned state corporation" devoted to the vocational rehabilitation of disabled individuals). Nothing dictates, then, that this definition apply in determining whether a county's procurement of health insurance for its employees amounts to the purchase of a "commodity."
Unfortunately, the Code is not particularly helpful in resolving how the procurement of health insurance for county employees should be classified. As noted above, A.C.A. § 14-22-101(A), which expressly applies to counties, defines the term "commodities" as follows:
 "Commodities" means all supplies, goods, material, equipment, machinery, facilities, personal property, and services other than personal services, purchased for or on behalf of the county[.]
A.C.A. § 14-22-101(1) (Supp. 2007) (emphasis added).
The chapter at no point defines either the term "personal services"[2] or "services other than personal services."[3] In short, I am unable to opine definitively whether the procurement of health insurance described in your request would qualify as a "commodity" or a "personal service."
Question 2: When the county renews or extends a county health plan policy with the subject carrier, can the county judge accept a new insurance agent for the health insurance policy, or does the modification require the current insurance policy to be terminated?
I should note at the outset that I am not entirely sure what you mean by your reference to "a new insurance agent" for a renewed or extended county health plan policy. However, in my opinion, the county judge's ability to "accept a new insurance agent for the health insurance policy" will depend upon the specific terms of the policy, subject only to the condition that the county judge may not under any circumstances obligate the county to pay expenses in excess of current revenues in any given year. With respect to the latter qualification, Ark. Const. art. 12, § 4 provides in pertinent part:
The fiscal affairs of counties, cities and incorporated towns shall be conducted on a sound financial basis, and no county court or levying board or agent of any county shall make or authorize any contract or make any allowance for any purpose whatsoever in excess of the revenue from all sources for the fiscal year in which said contract or allowance is made; nor shall any county judge, county clerk or other county officer, sign or issue any scrip, warrant or make any allowance in excess of the revenue from all sources for the current fiscal year. . . .
To the extent that the renewal or extension of a county health care plan might obligate the county to make expenditures in any given year in excess of that year's revenues, I believe this constitutional provision would prohibit the county judge from entering into the renewal or extension. See Miller County v. Blocker, 192 Ark. 101, 103,90 S.W.2d 218 (1936) (declaring that even expenses incurred pursuant to statutory mandate, as distinguished from a mere contract, could exceed revenues of the current year without offending the Arkansas Constitution). With regard to a multi-year contract negotiated by a county judge, this potential constitutional infirmity might be avoided by the inclusion of a non-appropriation clause that precluded expenditures in excess of annual appropriations.
Subsection 14-14-1102(b)(2)(C)(ii) of the Arkansas Code provides as follows:
 The county judge shall have the authority to enter into necessary contracts or other agreements to obligate county funds and to approve expenditure of county funds appropriated therefore in the manner provided by law.
In my opinion, this statutory provision, which is in all respects consistent with the provisions of Ark. Const. amend. 55, § 3 setting forth the powers of the county judge, clearly empowers the county judge to contract on behalf of the county, subject initially to the constitutional restriction discussed above.
Beyond this constitutional issue, I believe the question of whether the county judge could accept a new insurance agent upon the renewal or extension of a county health plan policy is purely controlled by principles of contract law, as is the question of whether such a change would mark a "termination" or merely a "modification" of the initial contract. General principles of contract law dictate that any change in a contractual agreement either be as provided for in the existing document or as agreed to by all signatories. See, e.g., Van Camp v. Van Camp, 333 Ark. 320, 323, 969 S.W.2d 184 (1998) ("Fundamental principles of contract law require that both parties to a contract agree to any modification of the contract."). The purely factual question, then, would be whether the initial contract authorized such a change in the county health plan policy or whether both parties to the contract agreed to such a change. In either case, I believe the change would be properly classified as a modification to an existing contract. However, only a finder of fact fully acquainted with all of the attendant circumstances could determine whether such a modification has occurred.
Question 3: Can a county judge elect to renew or extend the county health care plan from the current term in accordance with the contract renewal provisions, or does Arkansas law restrict renewal or extension of insurance contracts from year-to-year in accordance with the contract terms?
You appear to assume in your question that the contract itself indeed purports to authorize the county judge to renew or extend the county health care plan. The only provision of Arkansas law that I believe might restrict the county judge's authority to act on such a contractual provision is contained in Ark. Const. art. 12, § 4, see discussion supra.
Question 4: Can a county procure the assistance of a professional to assist in the selection of a health insurance plan? Can the procurement of a health insurance policy for county employees constitute a "professional service" under A.C.A. 19-11-801 et seq.? What if the county quorum court passed an ordinance declaring the procurement of the county health plan to be a "professional service" under A.C.A. 19-11-801
et seq.?
Section 19-11-801 of the Code (Supp. 2005) authorizes dispensing with the competitive bidding requirement when a county resolves to contract for certain specified "professional services." Subsection (b) of this statute specifically includes "financial advisory" services among those that are not subject to the competitive bidding requirement. Subsection (c) of the statute further authorizes dispensing with competitive bidding for other varieties of "professional service" if a 2/3 majority of the quorum court authorizes doing so.
Subsection 14-14-1102(b)(5)(A) of the Arkansas Code (Repl. 1998) provides as follows:
 Hiring of County Employees, Except Those Persons Employed by Other Elected Officials of the County. The county judge, as the chief executive officer of the county, shall be responsible for the employment of the necessary personnel or for the purchase of labor or services performed by individuals or firms employed by the county, or an agency thereof, for salaries, wages, or other forms of compensation.
This statute locates in the county judge the authority to employ county personnel not employed by other elected officials and to contract for services with independent contractors.
Section 19-11-801 of the Arkansas Code (Supp. 2007), contained within a subchapter of the Code captioned "Procurement of Professional Services," provides in pertinent part:
 (b) It is the policy of the State of Arkansas and its political subdivisions that political subdivisions shall follow the procedures stated in this section, except that competitive bidding shall not be used for the procurement of legal, financial advisory, architectural, engineering, construction management, and land surveying professional consultant services.
 (c) For purposes of this subchapter, a political subdivision of the state may elect to not use competitive bidding for other professional services not listed in subsection (b) of this section with a two-thirds (2/3) vote of the political subdivision's governing body.
 * * * (e)(2) "Other professional services" means professional services not listed in subsection (b) of this section as defined by a political subdivision with a two-thirds (2/3) vote of its governing body.
It is clear on the face of this statute that the list of "professional services" set forth in subsection (b) is not exhaustive but that contracting for "other professional services" must be done by competitive bid unless 2/3 of the governing board directs otherwise.
You have not indicated in your question what variety of "professional" you contemplate might be retained "to assist in the selection of a health insurance plan." Assuming that the individual indeed qualifies as a "professional," it is possible that his services might be classified as "financial advisory," thus warranting dispensing with the competitive bidding requirement with respect to the value of his services. However, this question is one of fact that I am neither equipped nor authorized to address. Again assuming that the individual in question is indeed a "professional" in the sense referenced in A.C.A. § 19-11-801, even if his services were not qualified as "financial advisory," he might still be retained without competitive bidding upon the approval of 2/3 of the quorum court. As I have noted, the question of whether the referenced individual is indeed a "professional" in the statutory sense of that term is one of fact that I cannot address.
With respect to the question of whether the quorum court might simply declare an individual a "professional" and hence avoid what might otherwise be a statutorily mandated bidding requirement, I can only note that the provisions of state law on this matter will take precedence over any contrary local provisions. Stated differently, if an individual is not a "professional" in the sense contemplated in A.C.A. § 19-11-801
et seq., a quorum court's declaration that he is a "professional" will not serve to render him such for purposes of avoiding a bidding requirement.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Black's Law Dictionary (8th ed. 2004) defines the term "commodity" as follows: 1. An article of trade or commerce. The term embraces only tangible goods, such as products or merchandise, as distinguished from services. 2. An economic good, esp. a raw material or an agricultural product.
[2] Black's Law Dictionary, supra at n. 1, defines the term "personal service" in pertinent part as follows: An act done personally by an individual. In this sense, a personal service is an economic service involving either the intellectual or manual personal effort of an individual, as opposed to the salable product of the person's skill.
[3] Although I have found no provision of the Code that defines the term "personal services," the Code at various points defines the term "professional services" as denoting services "legally performed only pursuant to a license or other legally mandated personal authorization, for example, the personal service rendered by certified public accountants, architects, engineers, dentists, doctors and attorneys at law." See, e.g., A.C.A. §§ 4-29-202(2) (Repl. 2001) (contained within the Arkansas Professional Corporation Act); 4-29-302(2) (Repl. 2001) (contained within the Medical Corporation Act); 4-29-401(b)(2) (contained within the Dental Corporation Act); and 4-32-102(13) (Repl. 2001) (contained within the Small Business Entity Tax Pass Through Act). It is unclear whether the procurement of health insurance for county employees would entail retaining "professional services" under this definition. *Page 1