L. A. SULLIVAN Adm'r *v.* PULASKI COUNTY
Arkansas

5-4982                                          445 S. W. 2d 94

Opinion delivered October 6, 1969

*Alonzo D. Camp,* for appellant.

*Richard B. Adkisson,* Prosecuting Attorney; By; *James R. Howard,* for appellee.

Carleton Harris, Chief Justice. This appeal is an

effort to persuade this court to extend the rule announced in *Parish* v. *Pitts*. 244 Ark. 1239, 429 S. W. 2d 45 (rehearing denied on July 15, 1968) to permit suits in tort against counties. On the night of July 24, 1967, Joseph Sullivan was killed on the Woodson Lateral Road, a county public road, in Pulaski County. Death occurred when the Sullivan vehicle left the road on a curve, and plunged into a tree. The administrator of the estate instituted suit against Pulaski County, alleging negligence against the county because of its failure to erect and maintain visible markers, effective warning signs, or luminous reflectors. Other similar allegations of negligence were asserted, and damages were sought in the sum of $100,000.00. The county demurred to the complaint on the basis of county immunity from tort liability, and upon hearing, the trial court sustained such demurrer. From the order so entered, appellant brings this appeal.

While there are probably several reasons why appellant cannot prevail in this litigation, we deem it sufficient to simply call attention to the action of the General Assembly of Arkansas in enacting legislation which became Act 165 of 1969. This act became effective on March 5, 1969, and is entitled:

"AN ACT to Declare It to Be the Public Policy of the State of Arkansas That the State and Its Political Subdivisions Shall Not Be Liable for Tort Under the Laws of the State of Arkansas and to Provide That No Action Shall Be Maintained Therefor; to Require All Political Subdivisions to Carry Liability Insurance On Their Motor Vehicles; to Declare An Emergency; and for Other Purposes."

Section 1 provides as follows·

"It is hereby declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, special improvement districts, and all other political subdivisions of the State shall be im-

mune from liability for damages, and no tort action shall lie against any such political subdivision, on account of the acts of their agents and employees.'"[1]

This statement of public policy is plain and unambiguous, and leaves no room for doubt.

Of course, we made it clear in *Parish* v. *Pitts, supra* that the decision only applied to municipalities, and the liability of other governmental units or political subdivisions was not involved. It is interesting to note that, even if Sullivan's death had occurred within the city limits, there would have been no cause of action against the City of Little Rock for the reason that the accident and death occurred on July 24, 1967, almost a year before *Parish* v. *Pitts* became effective. The opinion in that case definitely stated that, except for the plaintiff, Mrs. Dora Parish,[2] the decision was prospective as to all other causes of action.

Affirmed.

---

[1]Section 3 of the act requires that all political subdivisions shall carry liability insurance on all motor vehicles in the minimum amounts prescribed in the "Motor Vehicle Safety Responsibility Act."

[2]This court said: "We declare the rule of liability to be applicable to this case and all other causes of action arising after this decision becomes final. This serves, in keeping with our system of the private enforcement of legal rights, to reward the present plaintiff for her industry, expense and effort, and for having given to this Court the opportunity to rid the body of our law of this unjust rule. The impact of retroactive application on the present defendant is not likely to create any major crisis. Being prospective as to all other causes of action the municipalities are given time in which to procure insurance and take measures to protect themselves in suits thereafter arising."