DAVID REEME ET AL *v.* NATURAL GAS IMP. DIST.
NO. 2 OF ASHLEY CO., ARK.

MRS. CHAS. RHODES *v.* NATURAL GAS IMP.
DIST. NO. 2 OF ASHLEY CO., ARK.

5-5076 & 5-5077                    448 S. W. 2d 647

Opinion delivered January 12, 1970

*Crumpler, O'Conner, Wynne & Mays,* for appellants.

*W. P. (Billy) Switzer,* for appellee.

FRANK HOLT, Justice. The appellants, David Reeme, his wife and their minor children, brought an action against the appellee to recover damages for their personal injuries caused by a gas explosion. The appellant,

Mrs. Charles Rhodes, brought a separate action against the appellee to recover property damages as a result of her house being destroyed by the same explosion. The appellee is a suburban improvement district incorporated and established pursuant to the provisions of Ark. Stat. Ann. § 20-701 et seq. (Repl. 1968). As a natural gas improvement district it operates a gas distribution system as a non-profit corporation and serves the residents in the unincorporated town of North Crossett, Arkansas.

The Reemes rented and moved into Mrs. Rhodes's house. The next morning Mr. Reeme went to appellee's office and requested from the appellee's manager that gas service be furnished to his residence. The manager advised Mr. Reeme that he [Reeme] could turn on the gas without the necessity of appellee's representative coming to the home. Mr. Reeme followed the manager's instructions and turned the gas on at the outside gas meter. When Mr. Reeme returned home for lunch, an accumulation of gas in the house exploded when Mrs. Reeme lighted a cigarette. The gas had escaped through an uncapped gas line in one of the bedrooms in front of which a box had been placed during the moving procedure. Each of the appellants, the Reemes and Mrs. Rhodes, alleged that their damages were directly and proximately caused by the negligence of the appellee in failing to introduce into the natural gas a malodorant agent that would indicate by a distinct odor the presence of escaping gas in the building and, further, in failing to make an inspection of the premises to determine the existence of any leaks or the presence of gas in the house. The appellee filed a demurrer to each complaint on the basis that neither stated facts sufficient to constitute a cause of action. From the order sustaining appellee's demurrer comes this appeal.

Appellants first assert that improvement districts had no immunity from tort liability at the time this incident occurred. The appellants admit that ''at one

time'' improvement districts had immunity from tort liability. This doctrine is predicated on the theory that improvements districts are quasi public corporations which have no powers, duties or liabilities except those expressly conferred by statute. This exemption from liability, unless liability is accepted by a statute, is based upon the sovereign character of the state and its agencies. *Board of Improvement of Sewer Dist. No.* 2 v. *Moreland,* 94 Ark. 380, 127 S. W. 469 (1910); *City of El Dorado* v. *Scruggs,* 113 Ark. 239, 168 S. W. 846 (1914); *Jones* v. *Sewer Improvement Dist. No. 3 of Rogers,* 119 Ark. 166, 177 S. W. 888 (1915). Additional reasoning for non-liability of an improvement district, other than it being an auxiliary of the state, is the lack of funds to pay for tort damages and, therefore, liability could result in bankruptcy with the attendant frustration of the district's intended public purposes.

The appellants, however, argue that by Act 64 of 1929, Ark. Stat. Ann. § 20-108 (Repl. 1968) there is an express statutory waiver of the governmental immunity accorded to improvement districts. Appellants rely upon this language: ''Such districts shall be bodies corporate and shall have power to sue and be sued and to contract by the corporate name.'' Should we consider this statute applicable in the case at bar, we still cannot agree with this contention. Subsequent to the passage of this act we reaffirmed the doctrine of immunity from tort liability by improvement districts in *Sewer Improvement Dist. No. 1. of Sheridan* v. *Jones,* 199 Ark. 534, 134 S. W. 2d 551 (1939) and *St. Francis Drainage Dist.* v. *Austin,* 227 Ark. 167, 296 S. W. 2d 668 (1956). Furthermore, in *Arkansas Valley Cooperative Rural Electric Co.* v. *Elkins,* 200 Ark. 883, 141 S. W. 2d 538 (1940), we considered language similar to that now relied upon by appellants. There the act provided for the creation of electric co-operatives as non-profit-sharing corporations. The act provided authority for the co-operatives ''to sue and be sued, complain and defend,

in its corporate name." We said that: "* * * True it may be sued to enforce contracts into which it might enter, but it cannot be made to respond in tort in the absence of statutory provision therefor." We further said that the funds of a non-profit corporation are in the nature of a trust fund and must be controlled, managed and used only for the intended purposes of the corporation. Therefore, the corporation cannot be held liable when no provision is made for the expenditure of funds to respond for tortious acts. It is for the legislature to express the extent of the powers, purposes and liabilities of a non-profit corporation such as in the case at bar.

The appellants next contend that the doctrine announced in our recent case of *Parish* v. *Pitts*, 244 Ark. 1239, 429 S. W. 2d 45 (1968), should be extended to improvement districts. We cannot agree. That decision prospectively removed governmental immunity as to municipalities and was expressly limited to municipalities. At the very next meeting of the legislature, Act 165 of 1969 was enacted reaffirming the public policy of the State of Arkansas to be "that all counties, municipal corporations, school districts, special improvement districts, and all other political subdivisions of the State shall be immune from liability for damages, and no tort action shall lie against any such political subdivision, on account of the acts of their agents and employees." In the recent companion cases of *Sullivan* v. *Pulaski County, Arkansas,* 247 Ark. 259, 445 S. W. 2d 94 (1969), and *Chandler* v. *Pulaski County, Arkansas*, 247 Ark. 259, 445 S. W. 2d 96 (1969), we recognized that Act 165 of 1969 is a declaration of the state's public policy and the legislature's power and intent with respect to the doctrine of governmental immunity. In *St. Francis Drainage District* v. *Austin, supra*, it was aptly said:

"There are many laymen, lawyers and judges who believe that, in all fairness, the State, its political

subdivisions and *quasi* public corporations such as improvement districts created by the State, should be liable for torts committed. But the law, holding otherwise, has been firmly established for many years. * * * ¶ * * * This conclusion may appear to be harsh, but it has been the law of this State for many, many years that neither the State, its political subdivisions nor *quasi* public corporations such as improvement districts, are liable in tort. Neither the General Assembly nor the people have seen fit to change the law in that respect, and it should not be done by this court."

Affirmed.