DAVID KIRBY GOODLOE *v.* BETTY LOU GOODLOE

5-6038                                    487 S.W. 2d 593

Opinion delivered December 11, 1972

*Charles L. Carpenter,* for appellant.

*Eubanks, Files & Hurley,* for appellee.

CARLETON HARRIS, Chief Justice. This is a divorce case. David Kirby Goodloe, appellant herein, and Betty Lou Goodloe, appellee, were married in March, 1951. Mrs. Goodloe instituted suit in February, 1971, alleging that appellant had been guilty of such indignities, systematically pursued, as to render her condition in life intolerable. Goodloe filed a motion asking that the complaint be made more definite and certain and in compliance therewith, the complaint was amended asserting that appellant struck appellee with his hand at or near Thanksgiving day, 1970, in the presence of the minor children, and verbally abused appellee during the months of September, October, November, December, 1970, and January, 1971, by telling that she had spent all of his money, was insane, and various other derogatory remarks, all in the presence of the children. Appellant filed an answer denying the

charges and also filed a cross-complaint likewise seeking a divorce on the grounds of general indignities. At the conclusion of the trial, the court entered its decree granting the divorce to appellee, custody of the children to appellee, with certain visitation rights to appellant, and rendered numerous findings relative to division of the property. From the decree so entered, appellant brings this appeal. For reversal, it is asserted that appellee's testimony for divorce was not corroborated ; that appellant's grounds for divorce were corroborated and the divorce should have been granted to him; further, that appellant's rights under Article 2 of the Arkansas Constitution were violated.

Before discussing these points, we first proceed to pass on appellee's first contention, *viz*, that appellant has failed to comply with Supreme Court Rule 9 (d) in that he has not abstracted the decree. This was done by the appellant in a reply brief, but we have held that furnishing an abstract in the reply brief is not compliance with the Rule. *Reeves* v. *Miles,* 236 Ark. 261, 365 S.W. 2d 460; *Tenbrook* v. *Daisy Mfg. Co.,* 238 Ark. 532, 383 S.W. 2d 101. However, though the decree contains 25 different findings, these mainly relate to the division of property rights, based on the granting of the divorce to appellee. Appellant's argument is simply that the court erred in granting the divorce to Mrs. Goodloe rather than to him, and the abstract is sufficient of determine this question; accordingly we cannot agree that the decree should be affirmed because of non-compliance with this rule.

Taking the second point first, we quickly state that we do not agree that there was corroboration of Goodloe's allegations. Only two witnesses besides appellant himself testified on his behalf, and the testimony of one of these, appellant's sister, only dealt with property that she had purchased together with her brother. Sgt. Richard A. Burns, a member of the Security Police Detachment at the Little Rock Air Force Base, testified that he was called to investigate a domestic disturbance at the Goodloe home on the base,[1] and responded to the call. Appellee was, with

[1]Goodloe is a Master Sergeant in the Air Force and is stationed at Jacksonville.

the aid of her mother, moving from the premises to another location, and the two women said that Goodloe was disturbing them. Appellant was simply standing in the doorway and Sgt. Burns witnessed no altercation whatsoever. Appellant argues that the testimony of appellee and her witnesses corroborates his allegations of general indignities but we do not agree.

Nor do we find sufficient corroboration to sustain the award of the divorce decree to Mrs. Goodloe. It will be remembered that in compliance with the motion to make more definite and certain, Mrs. Goodloe set out the acts to be relied upon. First, she asserted that the plaintiff struck her "on or near Thanksgiving day, 1970, in the presence of the parties' minor children". Teresa Goodloe, a thirteen year old daughter, testified that she had never seen her father hit her mother since they had lived in Jacksonville; that she did see him hit her in Texas once, about the time she was in the fifth grade. The witness stated that she was presently in the eighth grade. A sixteen year old son likewise testified but did not corroborate this occurrence. Appellant himself testified that he had been working outside and when he came in the house, his wife was standing in the dining area brushing her hair. He said he hit her with the back of his hand playfully "on the fanny", which he had done many times and that she then quickly turned around and hit him on the side of the head with the hair brush; that he did slap her, more or less as a reflex action. Nothing further happened and both agreed that they had best quit before "one of us might get mad".

It was also asserted that during the months of September, October, November, December, 1970, and January, 1971, appellant verbally abused her "by telling her in many instances that she spent every penny he made, that she kept him broke all the time, that he was going to have her committed, that she is insane, that she is never home, that she never does anyhting right, that she is going to have to start fixing her own hair since it is too expensive, and that he is doing her and the children a favor letting them live with him."

As to corroboration of these charges, a brother-in-law, James Gunn, married to appellee's sister, testified that appellant stated to him that his wife was "crazy". This was the extent of the corroboration of the alleged indignities and we think it falls far short of establishing grounds for divorce. It is true that the evidence reflects that the parties did not get along with each other, and the testimony of appellant and appellee establishes that the marital relationship was anything but harmonious, but this does not, within itself, constitute grounds for divorce, particularly where they had been married for approximately twenty years.

Appellant's second argument is based upon Article 2 of our State Constitution. Section 3 provides as follows:

"Equality before the law. — The equality of all persons before the law is recognized, and shall ever remain inviolate; nor shall any citizen ever be deprived of any right, privilege or immunity, nor exempted from any burden or duty, on account of race, color or previous condition."

Section 18 provides as follows:

"The General Assembly shall not grant to any citizen or class of citizens privileges or immunities which upon the same terms shall not equally belong to all citizens."

Ark. Stat. Ann. § 34-1210 (Repl. 1962) provides that the court may award the wife's attorney a fee to be paid by the husband; this was done in the instant litigation, and appellant asserts that this is a violation of his constitutional rights. The testimony reflects that Mrs. Goodloe had been employed as a school teacher for about sixteen years during the marriage, and had a bank account consisting of several thousand dollars. In his brief, appellant says:

"Section 34-1210 of the Statutes is unfair because this provision, as enforced herein, does not treat the Ap-

pellant equally with the appellee. The appellee was making more per month that the Appellant. The Appellee was not required to support the children directly. If when the wife is without funds or assets, the family funds will be made available for her to employ counsel, then equality demands where the wife has ample funds, as here, the husband will not be required, to pay the wife's attorney. Her attorney should be required, as in most cases, to look to the wife for his fee.

The Congress of the United States has recently adopted and referred to the States for action, an amendment to the United States Constitution stating that there should be no distinction of any type between members of the male and female sex. This distinction would be in violation of that provision when and if it is finally adopted by the Country."

Let it first be stated that the record reflects that, because of ill health, appellee, at the time of the trial,[2] was not working and had not worked since 1970. In the next place, we have consistently held that the awarding of attorney's fees is within the sound discretion of the trial court. *Cook v. Cook,* 233 Ark. 961, 349 S.W. 2d 809, and cases cited therein. Under the circumstances herein, we find no abuse of discretion.

In accordance with what has been said, the decree of the Pulaski Chancery Court insofar as it relates to the award of the divorce decree and property rights awarded to the parties, is reversed[3] and the cause is remanded with directions to enter a decree not inconsistent with this opinion.

BYRD., J., dissents as to the attorney's fee.

---

[2] The case was tried on June 18, 1971.

[3] The decree contains findings and an order awarding certain property rights to the minor children and these findings have not been appealed from.