# CIVIL SERVICE COMMISSION of Harrison and CITY OF HARRISON, Arkansas v. George A. REID

76-235                                                 546 S.W. 2d 413

Opinion delivered February 7, 1977
(Division I)
[Rehearing denied March 7, 1977.]

*Philip Meadows* and *Ball & Mourton,* for appellants.

*Donald J. Adams,* of *Adams & Covington,* for appellee.

CONLEY BYRD, Justice. Appellee George A. Reid's employment as chief of police was terminated by the Civil Service Commission of the City of Harrison. Pursuant to such notice a hearing was held by the Commission which among other things found that "the said George A. Reid did authorize officers of the City Police Department to borrow money from either the city parking meter violation money or bond funds posted with the Police Department." On appeal to the circuit court, that court found "that the charges against and the reasons for the Commission's dismissal of Appellant herein are not supported by the evidence, and he

should be reinstated as Chief of Police of the City of Harrison, and granted Judgment against the City for a salary from . . . " the date of discharge. That order was styled in the circuit court as follows:

"George A. Reid                    Appellant

    vs.

Civil Service Commission
of the City of Harrison,
Arkansas                         Appellee"

Thereafter, appellee filed a petition for contempt against the Civil Service Commission and the Mayor of the City of Harrison under the same style. The notice of appeal was carried under the same style and was served by one of the attorneys employed to represent the Commission at the hearing held before it.

To sustain the action of the trial court appellee suggests that appellant has not complied with Supreme Court Rule 9(d) and that the appeal was not taken by the proper party. While we must agree with appellee that the abstract of the record does not literally comply with Supreme Court Rule 9(d), we cannot say that the abstract is so deficient as to call for an affirmance. Neither can we agree with appellee that the appeal was not taken by the proper party. The record shows that the notice of termination to appellee was given to appellee by the Civil Service Commission apparently pursuant to Article V (5) of its Rules and Regulations. Thus it appears from the record that the Civil Service Commission was at all times the real party in interest in this litigation. As the real party in interest, it was, while acting on behalf of the City, the proper party to give the notice of appeal.

On review in this court from a ruling by the circuit court in an appeal from the Civil Service Commission pursuant to Ark. Stat. Ann. § 19-1605.1 (Repl. 1968), the rule is that we must affirm the trial court if there is any substantial evidence to support the findings thereof.

In reviewing the evidence as to the loaning of money from the parking meter violation fund or the bond fund, numerous officers testified as to its availability to them for purposes of borrowing from it. One officer testified that at one time he owed quite a bit of money and that appellee told him he had to pay it off. Appellee does not deny that the officers were permitted to borrow money. However, he says that the money bag from which the monies could be borrowed consisted of money from the making of copies of accident reports and from the sale of calendars. He says the money was used for different things within the department including the loaning of money to patrolmen who were short that week. In his brief, he asserts that the monies were always repaid and concludes: "While it may not have been the best business practice to co-mingle different funds, this writer fails to see, absent any proof, that APPELLEE willfully or deliberately intended to abscond or embezzle any of these funds that such would justify the extreme penalty here tempting to be imposed."

In view of the frank admissions on the part of appellee as to the loaning of department funds to the officers, we must hold that the circuit court's reversal of the Commission's findings on this issue is not supported by substantial evidence. As to appellee's contention that the mere loaning of the Police Department's funds to the officers would not "justify the extreme penalty here tempting to be imposed," we need only point out that the lending of public funds was prohibited by law, Ark. Stat. Ann. § 41-3920 (Repl. 1964), and that the penalty for violation of that law was confinement in the penitentiary for not less than five (5) years, nor more than twenty-one (21) years, Ark. Stat. Ann. § 41-3922 (Repl. 1964).[1]

It follows that the circuit court erred in directing the Commission to reinstate appellee as chief of police.

Reversed.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and FOGLEMAN, JJ.

---

[1] See Arkansas Criminal Code § 41-2203 (1976).