## James MANES *v.* M.O.V.E., Inc. and NEW HAMPSHIRE INSURANCE Company

77-4                                              552 S.W. 2d 211

June 6, 1977
(In Banc)
[Rehearing denied July 11, 1977.]

*John T. Lavey* and *Melva Kozinsky,* for appellant.

*Lowber Hendricks Jr.,* for appellees.

### PER CURIAM

Appellant requests this Court to hold that "the award of the Arkansas Worker's Compensation Commission is not supported by substantial evidence on the record considered as a whole." However, appellant has not abstracted the opinion or award of the Workmen's Compensation Commission nor the judgment or decree of the circuit court approving the Commission's award, if any. Supreme Court Rule 9(d) provides:

> "The appellant's abstract or abridgment of the record should consist of an impartial condensation. . . of only such material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to this court for decision . . . ."

Supreme Court Rule 9(e)(2) points out that where "the court finds the abstract to be flagrantly deficient . . . the judgment or decree may be affirmed for noncompliance with the Rule." We have consistently held that the failure of the appellant to abstract a decree or judgment containing findings of fact or findings of mixed law and fact which are necessary to an understanding of the questions presented to this Court is such a flagrant deficiency as to require an affirmance for failure to comply with Rule 9(d). See *Reliable Finance Company* v. *Rhodes*, 252 Ark. 1077, 483 S.W. 2d 187 (1972). Since the issue presented here depends upon a review of the findings and conclusions of the Commission, we must affirm for the deficiency in abstracting.

Affirmed.

HARRIS, C.J., and HICKMAN, J., dissent.

DARRELL HICKMAN, Justice, dissenting. The majority are affirming this case because the appellant failed to abstract in the briefs the findings of the referee and the commission.

Our Rule 9 provides that we may affirm an appeal if we find a violation of the requirement that the record be abstracted in the brief. The rule does, however, have several other provisions.

First, the failure must be flagrant. In view of our decision in a case overlooking a similar violation, I would not affirm this case on the basis of Rule 9. See *Goodloe* v. *Goodloe*, 253 Ark. 550, 487 S.W. 2d 593 (1972).

Second, our rule provides that we may give the attorney an opportunity to supply the deficiency. In this case I would grant that permission and then decide the case on the merits. Necessarily, we must look to the type of lawsuit and the parties involved in enforcing this rule. Also, it is a matter of judgment and I feel that the judgment of the majority in this case is wrong because we have all the facts necessary to make a decision and the severe penalties authorized by Rule 9 should be reserved for obviously flagrant violations which cannot be overlooked. I might add that the appellee in this case has not

requested dismissal of this case because of the violation of Rule 9.

Therefore, I respectfully dissent from the majority.

I am authorized to state HARRIS, C.J., joins in this dissent.