Ronnie HAYNES *v.* STATE of Arkansas

CR 92-158                                          832 S.W.2d 479

Supreme Court of Arkansas
Opinion delivered June 15, 1992

*Joe Kelly Hardin*, for appellant.

*Winston Bryant*, Att'y Gen., *Catherine Templeton*, Ass't Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. On November 14, 1991, the appellant, Ronnie Haynes, was convicted of aggravated robbery, burglary, and three counts of aggravated assault and received sentences, respectively, of 40 years, 20 years, and 18 years (six years for each count of aggravated assault) to run consecutively and be served in the Arkansas Department of Correction.

On appeal, Haynes contends that the trial court erred in allowing a purported rape victim to testify regarding other crimes

allegedly committed by him prior to the crimes for which he was convicted in this case. We agree and reverse and remand.

■ As an initial matter, the appellee, State of Arkansas, asserts that we are precluded from addressing Haynes's argument because he failed to abstract his motion in limine, the trial court's ruling on the motion, his objection to the testimony at trial, and the trial court's ruling on the objection. From an examination of Haynes's abstract, it is obvious that he has failed to comply with Ark. Sup. Ct. R. 9(d) by his failure to include the omitted items. The question then arises as to whether we can decide the points of error raised by Haynes in his argument by reading his brief and that of the State.

Haynes states in his brief that he ". . . was not charged with the rape or theft of vehicle in Saline County, Arkansas. [He] objected to the introduction and testimony of [the victim] concerning these activities in Pulaski County."

In its brief, the State notes that "[p]rior to trial, Haynes filed a motion in limine seeking to prevent the admission of testimony regarding other crimes allegedly committed by him. The trial court granted the motion in limine in part, but denied it with respect to the circumstances of an alleged rape and theft of a car that took place on May 3, 1991 in Pulaski County."

■ As a result, we find from a reading of the briefs and the abstract that sufficient material parts as are necessary for an understanding of the objection and question at issue have been presented to us, and we can and should render our decision on the merits. *See generally Harrison Civil Serv. Comm'n v. Reid*, 261 Ark. 42, 546 S.W.2d 413 (1977) (the abstract was not so deficient as to call for an affirmance under Rule 9(d)); *Goodloe v. Goodloe*, 253 Ark. 550, 487 S.W.2d 593 (1972) (although not in compliance with Rule 9(d), the abstract was sufficient to determine the issue on appeal).

In this case, Haynes was charged by information in Saline County, Arkansas, with aggravated robbery, burglary, and three counts of aggravated assault, which offenses occurred during the course of his attempt to flee from Bryant police officers in the stolen car. These offenses occurred on May 9, 1992. During Haynes's jury trial on these charges, an alleged rape victim

testified that Haynes raped her in front of her three children and then stole her car on May 3, 1991, in Pulaski County, Arkansas.

Haynes contends on appeal that the trial court erred in allowing the alleged rape victim to testify as to the details of these other purported crimes committed in another jurisdiction on the basis that the probative value of this inflammatory testimony was substantially outweighed by the danger of unfair prejudice. A.R.E. Rule 403.

■■ In *Bennett* v. *State*, 297 Ark. 115, 759 S.W.2d 799 (1988) (citing *Price* v. *State*, 268 Ark. 535, 597 S.W.2d 598 (1980), and *Carter* v. *State*, 295 Ark. 218, 748 S.W.2d 127 (1988)), we noted that, ordinarily, the trial court has wide discretion in admitting evidence of other crimes or wrongs, and its decision will not be reversed absent an abuse of discretion. Evidence of other crimes is admissible if it is independently relevant, and the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

■ Obviously, the testimony of these other crimes was highly prejudicial. It is not so obvious that the evidence had great probative value. The State attempts to justify inclusion of this testimony on the basis that it was part of the *res gestae* of the offenses with which Haynes was charged. The general rule is that evidence of other crimes by the accused, not charged in the indictment or information and not a part of the same transaction, is not admissible at the trial of the accused; however, evidence of other crimes is admissible under the *res gestae* exception to the general rule to establish the facts and circumstances surrounding the alleged commission of the offense. *Young* v. *State*, 269 Ark. 12, 598 S.W.2d 74 (1980).

Here, the alleged rape of the victim and theft of her car occurred on May 3, 1991; six days later, the actions underlying Haynes's charges in this case transpired. At trial, several police officers testified that the reason they pursued Haynes was that they had ascertained that the vehicle he was driving had been stolen. Establishment of the fact that the vehicle was stolen was accomplished by direct testimony of the police officers involved in Haynes's apprehension and arrest; consequently, the alleged rape victim's testimony was not necessary to establish any facts or circumstances surrounding Haynes's commission of these crimes

for which he was convicted.

As a result, the *res gestae* exception to the exclusionary rule is inapplicable in this case due to the separability of the alleged crimes with those offenses with which Haynes was convicted, both in time and nature of the offenses. The two separate incidents simply did not comprise one continuing criminal episode or an overall criminal transaction. *See Ruiz & Van Denton* v. *State*, 265 Ark. 875, 582 S.W.2d 915 (1989); *Thomas* v. *State*, 273 Ark. 50, 615 S.W.2d 361 (1981).

The State also suggests that the objectionable testimony was permissible under A.R.E. Rule 404(b), which provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

Although the State submits that the testimony regarding these other crimes is relevant as to Haynes's intent and state of mind when the police officers found him in the stolen car and as an explanation for his behavior in committing the offenses in question, its independent relevance is negligible since Haynes's actions can be explained through the police officers' testimony that they encountered Haynes in the stolen vehicle, precipitating Haynes's flight and ensuing criminal offenses.

As a result, we find that the relevance of the testimony concerning other crimes in this case is substantially outweighed by the danger of unfair prejudice due to its highly inflammatory nature, and the trial court abused its discretion in admitting the testimony.

Reversed and remanded.

HAYS and GLAZE, JJ dissent.