CITY OF HOT SPRINGS ADVERTISING and PROMOTION COMMISSION *v.* Daryn COLE D/B/A Cole Catering

93-1390                                    878 S.W.2d 371

Supreme Court of Arkansas
Opinion delivered June 6, 1994

*David H. White*, for appellants.

*Carl A. Crow, Jr.*, for appellee.

ROBERT L. BROWN, Justice. In May of 1992, the City of Hot

Springs Advertising and Promotion Commission entered into a written contract entitled "Combined Contract for Food and Beverage Services for Mid-American Museum and Hot Springs Convention Auditorium" with Daryn Cole d/b/a Cole Catering. Cole was to provide food and beverages for the Commission's sanctioned events. The Commission purportedly was to receive a commission on those sales from Cole as well as revenues generated by the hotel and restaurant tax. On December 18, 1992, Cole allegedly decided to withdraw from the contract. On December 31, 1992, the Commission sued Cole for breach of contract and prayed for the sum of $15,375.39 which, it alleged, included unpaid commissions and taxes due the Commission under the catering contract. Cole denied the allegations in an answer filed January 25, 1993, and asserted that the Commission was not an independent legal entity which could sue or be sued in its own name. Cole also counterclaimed for equipment and inventory allegedly taken by the Commission and for catering services, all of which Cole valued at $9,458.10.

On May 14, 1993, Cole moved to dismiss the Commission's complaint under Ark. R. Civ. P. 12(b)(6) and urged once again that the Commission had no separate legal standing independent of the City and, thus, could not commence a lawsuit in its own name. The circuit court heard the motion and found that the Commission was not empowered by statute to sue or be sued, which effectively disposed of the actions raised in both the complaint and counterclaim. The court dismissed the Commission's complaint with prejudice. The Commission now appeals that order and has filed its brief. Cole, as appellee, chose not to file a responsive brief.

Some background on advertising and promotion commissions is necessary for an understanding of this case. The City of Hot Springs Advertising and Promotion Commission is an outgrowth of the Advertising and Promotion Commission Act, Act 185 of 1965, now codified at Ark. Code Ann. § 26-75-601, *et seq.* (1987). That Act authorized a city of the first class to levy by ordinance a gross receipts tax on hotels and restaurants. Ark. Code Ann. § 26-75-602 (1987). The levied tax was to be collected by the city, and the enforcement of that collection was to be by the city through proper city officials. Ark. Code Ann. § 26-75-603 (1987). Act 185 further authorized a city to establish a

fund from the collected taxes and to create an advertising and promotion commission to use that fund to promote the city and its surrounding areas. Ark. Code Ann. § 26-75-604, *et seq.* (1987). With the enactment of Act 626 of 1989, these advertising and promotion commissions were expressly authorized to contract with civic groups and the chamber of commerce to provide "actual services that are connected with tourism events or conventions." Ark. Code Ann. § 26-75-606(c)(3) (Supp. 1991).

The sole issue raised by the Commission in this appeal is whether the Commission, separate and apart from the City, could sue to collect the hotel and restaurant tax and to collect commissions from Cole on food and beverages sold under the contract at the time it filed its complaint on December 31, 1992. On that date, no mandate from the General Assembly existed which authorized the Commission to collect the hotel and restaurant taxes or to sue to enforce that collection. Under Ark. Code Ann. § 26-75-603 that authority was expressly vested in the cities. It was only after the complaint was filed in this matter, and specifically on March 4, 1993, when the General Assembly enacted Act 364 with an emergency clause, that the advertising and promotion commissions were authorized to collect the tax and to bring enforcement actions.

Despite the enactment of Act 364, based on the record before us the Commission did not argue the Act to the circuit court as a predicate for its authority to sue; nor did it argue the retroactive application of Act 364 to this matter. Because the circuit court did not have an opportunity to consider the Act 364 arguments, we will not entertain them on appeal. We do not consider arguments for reversal that were not presented to the circuit court for its consideration. *See Kolb* v. *Morgan*, 313 Ark. 274, 854 S.W.2d 719 (1993).

The Commission's sole argument to the circuit court was that it had the authority to operate the advertising and promotion fund for the City of Hot Springs and that the power carried with it the concomitant authority to contract. From that power to contract flowed the power to sue Cole for breach, according to the Commission. Cole argued, in support of its motion to dismiss, that the only authority to contract granted the commissions by the General Assembly was a specific authority to contract with civic

groups and the chamber of commerce — not with food and beverage vendors. The circuit court concluded that cities were granted the power to sue by the General Assembly, but that a comparable authority had not been vested in the commissions. The court did decide that the Commission had been given the power to contract under Act 626 of 1989, but the court refused to read an authority to sue for breach of contract into Act 626.

■ The Arkansas General Assembly has deemed cities in Arkansas to be bodies politic and corporations which are capable of suing and being sued. Ark. Code Ann. § 14-54-101(1) (1987); *see also Deason* v. *City of Rogers*, 247 Ark. 1061, 449 S.W.2d 410 (1970). This court has also recognized that the General Assembly has extended the right to sue and be sued to various entities, including school districts, housing authorities, improvement districts, levee boards, and drainage districts. *See, e.g., Hilton* v. *Pine Bluff Public Schools*, 295 Ark. 397, 748 S.W.2d 648 (1988); *City of Ft. Sm. Housing Auth.*, 256 Ark. 254, 506 S.W.2d 534 (1974); *Reeme & Rhodes* v. *Nat. Gas Imp. Dist.*, 247 Ark. 983, 448 S.W.2d 647 (1970); *Muse* v. *Prescott School Dist.*, 233 Ark. 789, 349 S.W.2d 329 (1961); *Kerr* v. *East Central Arkansas Regional Housing Authority*, 208 Ark. 625, 187 S.W.2d 189 (1945); *Drainage District No. 7 of Poinsett County* v. *Hutchins*, 184 Ark. 521, 42 S.W.2d 996 (1931). No such express power to sue had been vested in the Commission by the General Assembly at the time it filed its lawsuit in this case.

The circuit court did find that the Commission had a statutory power to contract. That authority, however, is limited:

(c)(1) All local taxes levied as authorized in § 26-75-602(a) shall be credited to the city advertising and promotion fund and shall be used for the purposes described in subsections (a) and (b) of this section.

(2) Such taxes shall not be used:

. . . .

(C) For general subsidy of any civic groups or the chamber of commerce.

(3) However, the advertising and promotion commission may contract with such groups to provide to the com-

mission actual services that are connected with tourism events or conventions.

Ark. Code Ann. § 26-75-606(c) (Supp. 1991). The express grant to contract is with civic groups or the chamber of commerce and does not specifically include vendors like Cole, who provide food and beverages for Commission projects.

■ The Commission urges, however, as it did before the circuit court, that by virtue of its administration of the advertising and promotion fund the power to contract with vendors and the power to sue for breach of contract necessarily follow. The Commission posits that certain powers do fall to city agencies where it is reasonable to infer those powers from an agency's other duties. A power in the Commission to contract with vendors may reasonably be inferred from the Advertising and Promotion Act but we have not gleaned the power to sue from a legislative act where the basis for the implied authority is as tenuous as it is in this case. On the contrary, in one case where an airport commission sued to enforce an airport lease, we noted specifically that the complaint was actually a suit brought by the city through its agency, the airport commission. *Terry* v. *Cities of Helena and West Helena*, 256 Ark. 226, 506 S.W.2d 573 (1974). Here, the City of Hot Springs is not a named party. In short, we conclude that the statutory premise upon which the inference to sue rests must be more substantial than it is in this case.

The cases cited by the Commission in support of an implied power to sue are either not apposite or distinguishable. *See City of Ward* v. *Ward Water and Sewer System*, 280 Ark. 177, 655 S.W.2d 454 (1983); *Civil Service Comm'n of Harrison* v. *Reid*, 261 Ark. 42, 546 S.W.2d 413 (1977); *Sewer Improvement Dist. No. 1 of Sheridan* v. *Jones*, 199 Ark. 534, 134 S.W.2d 551 (1939). The *Sewer Improvement Dist. No. 1* case concerned the ability of an improvement district to be sued either at law for damages or in equity. This case differs because the statutory powers granted to municipal sewer improvement districts in 1939 were clearly more expansive than those granted to advertising and promotion commissions at the time of the Commission's complaint. In *Civil Service Commission* v. *Reid*, a decision of the Commission to terminate the police chief was appealed by the deposed chief to circuit court. The Commission was an appropriate party to that

appeal. And in *City of Ward* v. *Ward Sewer System*, the water and sewer system sued in the names of its commissioners to prevent the city from abolishing it. We held that the City had the right to abolish what it had created. A system's cause of action to prevent its termination presents a different issue from the power of an agency to sue on the city's behalf.

In sum, the mere power to administer the advertising and promotion fund did not imbue the Commission with the power to sue to collect hotel and restaurant taxes, especially when the General Assembly had expressly invested the City of Hot Springs with that authority at the time the complaint was filed. Nor do we read an implied power into the Advertising and Promotion Act for the Commission to sue to collect commissions on the sale of food and beverages.

Affirmed.

GLAZE, J., dissents.