Lesley Glen HILL *v.* STATE of Arkansas

CR 95-205                                    902 S.W.2d 229

Supreme Court of Arkansas
Opinion delivered July 10, 1995

*Ralph Myers, III,* and *R. Brent Crews,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Sandy Moll,* Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. The appellant, Lesley Glen Hill, appeals his judgment of conviction for rape and kidnapping which resulted in a sentence of 40 years on each charge, to be run consecutively, with 20 years suspended on the kidnapping conviction. He mounts one argument on appeal — that the circuit court erred in denying his motion for a continuance at trial. The issue is meritless, and we affirm.

On April 21, 1993, Hill was charged in an amended information with rape, kidnapping, and first degree battery. On August 9, 1994, trial commenced on the charges.[1] After the jury was selected, sworn, and seated and following opening statements, defense counsel moved for the exclusion of anticipated DNA tests by the State on grounds of irrelevancy. Defense counsel then made a second motion:

> The second one is, Judge, as of yesterday the defense was given an opportunity to meet with the State's witness from the FBI Laboratory. At that time, Judge, we gained information that there are other laboratories other than the FBI that conduct similar tests. There is enough samplings or other samplings available that the defense could be provided with specimens of these samplings and be allowed to have its own laboratories conduct a DNA test of these specimens to refute the expert witness which is offered by the State.

The prosecutor responded that Hill had known for several months the State intended to introduce DNA evidence and that the defense, in effect, had not been diligent in selecting another DNA lab. Defense counsel answered that Hill was indigent.

The trial court ruled that the DNA evidence anticipated from the State was relevant and that the request to delay the trial for further testing was untimely. Later in the trial, the State, as part

---

[1]Reference is made in the record that this was the second trial of this matter. An earlier trial in 1993 resulted in a hung jury.

of its case, presented F.B.I. Special Agent Keith Howland as a witness to testify to the DNA results. He stated that the DNA found on the victim matched Hill and that the probability of selecting another person at random who was unrelated to Hill with the same set of DNA profiles as Hill was 1 in 10 million in the white population, 1 in 52 million in the black population, and 1 in 1.15 million in the Hispanic population.

The jury found Hill guilty of rape, kidnapping, and third-degree battery, and the 60-year sentence was assessed.

■■ Turning to Hill's one issue on appeal, it is well-settled that a motion for a continuance is addressed to the sound discretion of the trial court, and the court's decision will not be reversed absent an abuse of discretion. *Wilson* v. *State*, 320 Ark. 142, 895 S.W.2d 524 (1995); *King* v. *State*, 314 Ark. 205, 862 S.W.2d 229 (1993); *Gonzales* v. *State*, 303 Ark. 537, 798 S.W.2d 101 (1990); *Butler* v. *State*, 303 Ark. 380, 797 S.W.2d 435 (1990). This court has further held that the denial of a continuance which would deprive an accused of the chance to have an independent review of DNA analysis will be closely examined. *Hunter* v. *State*, 316 Ark. 746, 875 S.W.2d 63 (1994); *Swanson* v. *State*, 308 Ark. 28, 823 S.W.2d 812 (1992).

■ Motions for continuance are governed in part by Arkansas Rule of Criminal Procedure 27.3, which provides:

> The court shall grant a continuance only upon a showing of good cause and only for so long as is necessary, taking into account not only the request or consent of the prosecuting attorney or defense counsel, but also the public interest in prompt disposition of the case.

This court has denoted several factors to be considered by the trial court in deciding a continuance motion:

> (1) the diligence of the movant, (2) the probable effect of the testimony at trial, (3) the likelihood of procuring the attendance of the witness in the event of a postponement, and (4) the filing of an affidavit, stating not only what facts the witness would prove, but also that the appellant believes them to be true.

*Cloird* v. *State*, 314 Ark. 296, 862 S.W.2d 211 (1993); *French* v. *State*, 271 Ark. 445, 609 S.W.2d 42 (1980).

Furthermore, our statutes require the moving party to submit an affidavit to justify a continuance once the State has objected to the motion:

> (a) A motion to postpone a trial on account of the absence of evidence shall, if required by the opposite party, be made upon affidavit showing the materiality of the evidence expected to be obtained and that due diligence has been used to obtain it.

Ark. Code Ann. § 16-63-402(a) (1987).

■ We have held that the trial court does not abuse its discretion in denying a continuance, when the motion is not in substantial compliance with the statute requiring an affidavit and due diligence. *Wilson* v. *State, supra; Marshall* v. *State*, 316 Ark. 753, 875 S.W.2d 814 (1994); *Cloird* v. *State, supra.* Here, the State objected to the continuance, but Hill filed no affidavit or verified motion in support of his motion. For that reason alone, Hill's motion should fail. Additionally, there was no showing that the defense had a witness or could procure a witness to conduct a review of the DNA testing. Instead, defense counsel argued that Hill was indigent and could not afford a DNA inquiry, and, in addition, that he had previously been unaware that there were other places that could conduct such a review.

This court has been faced with the issue of a delay in order to allow DNA testing several times in the recent past. In *Swanson* v. *State*, 308 Ark. 28, 823 S.W.2d 812 (1992), for example, this court upheld the trial court's denial of a continuance when the defendant could not provide the name of a potential expert witness, nor offer any hope of procuring the attendance of such a witness in the near future. We stated that what the appellant was seeking was "an open-ended continuance for an unnamed witness" and, thus, the trial court did not abuse its discretion in denying the motion. *Swanson*, 308 Ark. at 35, 823 S.W.2d at 816. However, in *Hunter* v. *State*, 316 Ark. 746, 875 S.W.2d 63 (1994), we reversed the trial court's denial of a motion for continuance, when the defendant announced that he had located an expert to

review the DNA evidence and when the State was dilatory in providing the requested DNA information to the defendant.

The case before us is closer to the fact situation in *Swanson* v. *State, supra.* Here, Hill had not located a witness to testify by time of trial and was basically requesting an open-ended continuance to search for some unnamed witness which he might not be able to afford. These circumstances, coupled with the fact that Hill waited until after the trial was in progress to move for a continuance and then filed no affidavit to establish the materiality of the anticipated evidence, support the trial court's denial of the motion. There was no abuse of discretion.

Affirmed.