Jessie Earl HILL *v.* STATE of Arkansas

CR 96-270                                    931 S.W.2d 64

Supreme Court of Arkansas
Opinion delivered September 9, 1996

*Norman Mark Klappenbach,* for appellant.

*Winston Bryant,* Att'y Gen., by: *David R. Raupp,* Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Jessie Earl Hill was convicted of capital murder and sentenced to life without parole. There is no merit in any of his nine arguments for reversal, which we discuss in four groupings.

Hill, aged nineteen, was a suspect in a crime committed in Camden and discussed leaving Arkansas with his friend, Demarcus Tatum, aged eighteen. On the afternoon of January 17, 1995, Hill and Tatum went to Donny Ray Moss's house where they asked Donald Thrower if they could borrow his 1990 Nissan Maxima automobile. Thrower refused to let them borrow his car, but agreed to let his cousin, Arbrady Moss, drive them to the bus station in Camden. Hill, Tatum, and Moss got into the Nissan. After going only a short distance Hill told Moss he wanted the car. Moss refused. Hill struck Moss in the head with a marble rolling pin. Moss pleaded with Hill to stop, but he continued. Moss fell into a roadside ditch. Hill and Tatum took the Nissan and left but, after going only a short distance, decided to return and get Moss. Moss was still alive and begged for help. Hill put Moss in the trunk of the car.

Hill and Tatum got back inside the car. By this time, they had decided to go to a friend's house in Cedar Rapids, Iowa. Tatum drove until they reached Cohen Trail in Grant County, where they stopped to dispose of Moss's body. Tatum opened the trunk and found Moss still alive. Hill lifted Moss out of the trunk and beat him with a juice bottle. They left Moss on Cohen Trail and continued their flight to Cedar Rapids.

The Nissan broke down near Adair, Oklahoma, and Hill and Tatum had it towed to Osborn's Garage in Adair, where they sold it for $150.00. When questioned at the garage about blood that was in the trunk, Tatum said it came from a deer. Hill and Tatum used the last of the proceeds from the sale of the car to buy bus tickets to Kansas City. Upon arriving in Kansas City, they had no money and no transportation, so they decided to steal a car in order to continue their journey to Cedar Rapids. They saw a woman near her car in a parking garage, grabbed her, stabbed her, and took her purse and car keys. When a security guard came on the scene, they ran back

to the bus station, where they were apprehended.

Tatum, an accomplice, confessed to the above. Donny Ray Moss testified that he was present on January 17, when Hill and Tatum attempted to borrow Donald Thrower's Nissan automobile, and that he saw Hill and Tatum leave his house in Camden with Arbrady Moss, the victim, driving the Nissan. Bob Adams, the Sheriff of Grant County, testified that Moss's corpse was found on Cohen Trail on January 19, 1995, two days after Moss was last seen in Camden in the Nissan. Underneath the corpse were pieces of broken glass that were identical to broken glass later found in the trunk of the Nissan. A fruit jar was found seven feet from Moss's corpse. A tooth was found in the trunk of the Nissan that matched the tooth missing from Moss's jaw. A rolling pin with hair and a dried blood-like substance was found in the car trunk. A considerable amount of dried blood was found in the trunk. Dr. Charles Kokes, a pathologist, observed fifteen individual lacerations to the victim's head and gave his expert opinion that Moss died from multiple blunt blows to the head. He further testified that the victim had been struck in the jaw area with a blow or blows that had loosened his teeth. In sum, the accomplice, Tatum, testified that Hill committed capital murder, and his testimony was corroborated.

## I.

By pretrial motion Hill asked the trial judge to exclude evidence of an earlier murder in Camden with which he was charged and to exclude all evidence of the offenses he committed in Kansas City. No evidence of the earlier murder in Camden was introduced, and we need not further discuss that part of the motion. In the part of the motion material to this appeal, Hill moved to have evidence of the offenses in Kansas City excluded because those offenses occurred after the capital murder charged in this case; they were not relevant to this case; and, even if relevant, the probative value was substantially outweighed by the danger of unfair prejudice. See Ark. R. Evid. 401, 402 & 403. The trial judge refused to rule until the context of the evidence was shown and commented: "Normally in the guilt phase, evidence of the crime would not be admissible but in the sentencing phase the evidence would be admissible." In sum, the trial court validly found the pretrial motion too broad and declined to rule before he knew the full context of the evidence. The result of the ruling was that specific objections became neces-

sary at trial. *Massengale* v. *State*, 319 Ark. 743, 894 S.W.2d 594 (1995).

During the guilt phase of the trial, accomplice Tatum testified: "We started walking around [after getting off the bus in Kansas City] looking for a car. We were looking to steal a car. We did steal a car." Hill objected on the ground that the evidence was not relevant. The trial court overruled the objection. Later, Tom Pruden, a detective with the Kansas City, Missouri, Police Department testified that Hill confessed, in material part, as follows: "Me and Mark [accomplice Tatum] needed to go to Iowa so we decided we needed a car. A girl came down this alley. I grabbed her. She acted like she wanted to yell. I told her to be quiet, then stepped on the ice and fell to the ground. I put my hand over her mouth and grabbed her. Mark got the purse and the security guard came up. I let her go and walked off. I didn't see if Mark had a knife. I did not cut her. I did not intend to hurt her." Before this evidence was admitted, Hill objected to the introduction of the confession on the ground that the confession was involuntary and that it was not relevant. After a *Denno* hearing, the trial court overruled the objection. Still later, the victim of the crimes in Kansas City took the stand to describe the event, and Hill objected on the ground that her testimony was not relevant and was prejudicial. At trial Hill never asked the trial court to weigh probative value versus prejudice, *see* Ark. R. Evid. 403; therefore, the trial court did not make such a ruling. Further, Hill did not ask to limit the evidence of the crimes in Kansas City to the facts that would show only flight by the accused. On appeal, he assigns the rulings on relevancy and voluntariness as error.

■■ Hill argues that the crimes committed in Kansas City were not relevant to the crimes charged in this case. The general rule is that evidence of other crimes committed by the accused, but not charged and joined in the same information and not a part of the crime charged, is not admissible in evidence. *Haynes* v. *State*, 309 Ark. 583, 832 S.W.2d 479 (1992). However, there are limited circumstances in which the State can offer evidence of other crimes in its case-in-chief. *Gustafson* v. *State*, 267 Ark. 278, 590 S.W.2d 853 (1979). Evidence of other crimes is admissible in the State's case-in-chief when it is probative of the accused's participation of the crime charged. *Price* v. *State*, 267 Ark. 1172, 599 S.W.2d 394 (Ark. App. 1980) (citing *Alford* v. *State*, 223 Ark. 330, 266 S.W.2d

804 (1954)). Flight from the scene of a crime is relevant and admissible circumstantial evidence that may be considered in determining guilt. *Jones* v. *State*, 282 Ark. 56, 665 S.W.2d 876 (1984). Here, the proof showed that Hill murdered the victim in Arkansas and was attempting to flee to Iowa. By the time he got to Missouri he was without a car or money, so he committed crimes to get a car and money so that he could continue his flight. The evidence of other crimes was relevant proof of flight.

■ Hill contends that the Missouri crimes have no independent relevance because they were committed two days after the murder charged in this case. This argument was decided adversely to Hill's position in *Murphy* v. *State*, 255 Ark. 90, 498 S.W.2d 884 (1973), when, in holding that evidence of flight may be admissible even though it did not occur immediately after the crime charged, we wrote:

> In connection therewith evidence as to the conduct of the accused during the period of his flight including any criminal conduct constituting an inseparable part of the flight *such as obtaining money or transportation is generally held admissible. See State* v. *Ross*, 92 Ohio App. 29, 108 N.E.2d 77 (1952), and *State* v. *Martin*, 175 Kan. 373, 265 P.2d 297 (1953). Furthermore, evidence of flight after the commission of a crime is generally admissible *even though it does not occur immediately after the crime. Commonwealth* v. *Liebowitz*, 143 P. Super. 75, 17 A.2d 719 (1941).

*Id.* at 92-93, 498 S.W.2d at 886 (emphasis supplied).

■ Finally, a trial court has considerable discretion to determine admissibility of evidence of other crimes, and will not be reversed on appeal unless it has abused such discretion. *Bennett* v. *State*, 297 Ark. 115, 759 S.W.2d 799 (1988), *cert. denied*, 445 U.S. 905 (1990).

■ Hill asks us to reverse the trial court on a Rule 403 weighing, but that issue was neither raised nor ruled upon at trial. An issue cannot be raised for the first time on appeal. *Stewart* v. *State*, 320 Ark. 75, 894 S.W.2d 930 (1995).

■ Hill next contends that the trial court erred in allowing evidence of the other crimes because his confession to the crimes committed in Kansas City was involuntary. In determining whether

a confession was involuntarily given, an appellate court will make an independent determination of the evidence, based on the totality of the circumstances. *Free* v. *State*, 293 Ark. 65, 732 S.W.2d 452 (1987). However, Detective Pruden unequivocally testified that Hill was given the *Miranda* warnings, waived his rights, and "had no hope of reward or fear of punishment." *Scherrer* v. *State*, 294 Ark. 227, 234, 742 S.W.2d 877, 881 (1988). The trial judge was in the best position to determine the credibility of the witnesses at the *Denno* hearing, and his determination that Hill voluntarily confessed was not clearly erroneous. *See, e.g., Misskelley* v. *State*, 323 Ark. 449, 468, 915 S.W.2d 702, 712 (1996).

## II.

Four points for reversal involve discretionary rulings by the trial court. Two of these rulings involved motions for continuance. The grant or denial of a motion for a continuance rests in the sound discretion of the trial court and will be reversed only on a showing of abuse of that discretion. *Hill v. State*, 321 Ark. 354, 902 S.W.2d 229 (1995). Motions for continuance are governed in part by Ark. R. Crim. P. 27.3, which requires a showing of good cause. In addition, the trial court should consider the diligence of the movant, the likely effect of the testimony sought, the probability of obtaining the witness in the event of a postponement, and the filing of an affidavit stating not only what facts the witness would prove but also that the movant believes them to be true. *Hill v. State*, 321 Ark. at 356, 902 S.W.2d at 230. Hill's first continuance motion was made three days before trial. In it, he asked for more time to interview three witnesses whose names had just been disclosed. The ruling did not constitute reversible error because none of the three witnesses testified; consequently, Hill could not have suffered any prejudice as a result of the ruling. In this same motion Hill additionally contended that he needed more time to obtain blood tests, but at the hearing on the motion it was admitted that no arrangements for any type of blood test had been made. The trial court denied the motion, finding that Hill had not acted with diligence and that he had made no showing that a blood test would enhance the defense. Hill has not shown these findings of fact to be in error. Since he did not act with diligence and made no showing that a test would enhance the defense, we hold that the trial court did not abuse its discretion in making the ruling. *See, e.g., Lukach* v. *State*, 310 Ark. 38, 834 S.W.2d 642 (1992).

At the conclusion of the State's case Hill again sought a continuance, this time to find a witness who would testify that Tatum, the accomplice, had said that he "beat the system." The trial court denied the motion, finding that the jurors had already been informed of Tatum's plea bargain and that the testimony would add nothing to the defense. There was no proffer to show that the alleged statement meant anything other than Tatum had entered into a plea bargain, received a sentence of twenty years, unlike Hill, and had avoided the risks of a death sentence or life sentence without parole.

Hill next argues that the trial court abused its discretion in refusing to grant sequestered *voir dire*. If there is a potential for prejudice, the trial court is free to order sequestered *voir dire*, but that decision is a matter left to the trial court's sound discretion. *Logan* v. *State*, 300 Ark. 35, 776 S.W.2d 341 (1989). Hill contends that he would have gotten more honest answers if the jurors had been sequestered, but made no proffer to substantiate the argument and offers no examples of jurors' responses during *voir dire* that appear to be less than honest. Accordingly, we cannot say the trial court abused its discretion. *See Heffernan* v. *State*, 278 Ark. 325, 645 S.W.2d 666 (1983).

Prior to trial Hill filed a motion to exclude from evidence all photographs of the victim. The trial court sustained the objection to one of the photographs, but admitted the others. On appeal, Hill argues the trial court abused its discretion in admitting photograph two, depicting the victim's body at a roadside; photograph three, depicting a close-up of the victim's wounds; and photograph four, depicting a close-up of the victim's head wounds. He contends the three photographs were more prejudicial than probative under Ark. R. Evid. 403.

We have repeatedly held that the balancing of probative value against prejudice is a matter left to the sound discretion of the trial court, and this decision will not be disturbed absent a showing of manifest abuse. *Haynes* v. *State*, 309 Ark. 583, 832 S.W.2d 479 (1992). The admission and relevancy of photographs is also a matter within the sound discretion of the trial court. *Robinson* v. *State*, 269 Ark. 90, 598 S.W.2d 421 (1980). An essential element of the charge against Hill was the degree of intent; whether he caused Moss's death "under circumstances manifesting extreme indifference to the value of human life." Ark. Code Ann. § 5-10-

101(a)(1) (Repl. 1993). The nature and extent of a victim's wounds are relevant to a showing of intent, which may be inferred by the type of weapon used; the manner of use; and the nature, extent, and location of the wounds. *Garza v. State*, 293 Ark. 175, 735 S.W.2d 702 (1987). The photographs admitted by the trial court showed where the victim's body was dumped and the nature, extent, and location of the trauma suffered by the victim. Accordingly, the trial court did not abuse its discretion in admitting the photographs.

### III.

Hill was charged with capital murder, kidnapping, and felony theft by receiving. The theft-by-receiving charge was nolle prossed. The trial court instructed the jury on capital murder and kidnapping. The jury returned guilty verdicts on both charges, but the trial court entered a judgment of conviction for capital murder only. In this point for reversal Hill contends it was error for the trial court to refuse, before trial, to dismiss the charge of kidnapping because a conviction for both kidnapping and capital felony murder would constitute double jeopardy. The argument is without merit. An accused may be charged and prosecuted for different criminal offenses, even though one offense is a lesser-included offense, or an underlying offense, of another offense. *Hill v. State*, 314 Ark. 275, 281-82, 862 S.W.2d 836, 840 (1993). However, a defendant so charged cannot be convicted of both the greater and lesser offenses. *Id.*; Ark. Code Ann. § 5-1-110(a) (Repl. 1993). Thus, at the time of Hill's trial, a defendant could be charged and tried for capital felony murder and the underlying felony of kidnapping, but could not be convicted of both charges. *Martin v. State*, 277 Ark. 175, 177, 639 S.W.2d 738, 739 (1982); *see also* Ark. Code Ann. § 5-1-110(d) (Supp. 1995) (providing for multiple convictions for lesser-included offenses of certain offenses). Here, the jury found Hill was guilty of both capital murder and kidnapping, but the trial court entered a judgment of conviction for capital murder only. Therefore, there was no double jeopardy.

### IV.

The remaining points for reversal are not of sufficient merit to call for detailed discussion. Hill assigns as error the trial court's refusal to give an instruction on manslaughter involving emotional disturbance. However, he offered no evidence of such a disturbance, and we have said that it is not error to refuse to charge

a jury on manslaughter involving emotional disturbance when there is no evidence of such disturbance. *Frazier* v. *State*, 309 Ark. 228, 828 S.W.2d 838 (1992). He argues that the trial court erred in denying his motion for a directed verdict. At trial, he moved for a directed verdict on the ground that kidnapping was not proven beyond a reasonable doubt. He did not argue below, as he does now on appeal, that the evidence was insufficient to corroborate the testimony of the accomplice. It is well settled that an appellant cannot change his argument on appeal. *Stewart* v. *State*, 320 Ark. 75, 894 S.W.2d 930 (1995); *see also Walker* v. *State*, 318 Ark. 107, 883 S.W.2d 831 (1994) (argument not reached when defendant argued at trial that there was insufficient evidence for a verdict of either first-degree murder, second-degree murder, or manslaughter but argued on appeal that he lacked the culpable mental state).

Finally, pursuant to Supreme Court Rule 4-3(h), all rulings on objections, made by either party, which were adverse to Hill, have been examined. None of them constitutes reversible error.

Affirmed.