The Honorable Jim Milum State Representative 607 Skyline Drive Harrison, AR 72601-2309
Dear Representative Milum:
You have presented the following questions for my opinion:
 (1) Can the Harrison Advertising and Promotion (AP) Commission purchase or own property?
 (2) Would the City of Harrison have to be on the deed if the AP Commission purchased a building?
 (3) If the City of Harrison does have to be named on a deed, could the city and the AP Commission own the building jointly or would the AP Commission be a representative of the city in that instance?
 (4) Other than paying cash for a building, what options would the city or the AP Commission have, as far financing a building?
You indicate that the Harrison AP Commission would like to purchase a building, which could be used as an office for the Convention and Visitors Bureau, as well as a tourist attraction.
RESPONSE
Question 1 — Can the Advertising and Promotion (AP) Commissionpurchase or own property?
It is my opinion that the AP Commission does not have the authority to purchase or own property.
The creation of AP commissions is authorized by A.C.A. § 26-75-601 etseq. That set of statutes grants such commissions certain specific duties and authority. This specifically-granted authority relates primarily to the management and use of the advertising and promotion fund. See A.C.A. § 26-75-606(a)(2). In addition, AP commissions are authorized to contract for the provision of services that are connected with tourism events or conventions. A.C.A. § 26-75-606(c)(3). Finally, cities are granted the authority to enact ordinances that empower their AP commissions to enforce the city's AP tax, through various means. A.C.A. § 26-75-603.
None of these expressly-stated grants of authority to AP commissions includes the authority to purchase or own property. It is my opinion, moreover, that the authority to purchase and own property cannot be implied from the commissions' expressly-granted authority. When the legislature has intended to grant such authority, it has done so. It has done so in numerous instances. For example, it has granted the authority to purchase and own property to school districts, A.C.A. § 6-21-108; cities, A.C.A. § 14-54-401; water districts, A.C.A. § 14-116-402; soil and water conservation districts, A.C.A. § 14-125-303; regional intermodal facilities authorities, A.C.A. § 14-143-109; housing authorities, A.C.A. § 14-169-215; bridge improvement districts, A.C.A. §14-320-120; regional airport authorities, A.C.A. § 14-362-109; and the Arkansas Science and Technology Authority, A.C.A. § 15-3-108. The authority to purchase and own property is not a power that flows from the authority to administer the advertising and promotion fund. Because it is not, and because the legislature has not expressly granted AP commissions the authority to purchase and own property, I conclude that AP commissions do not have this authority.
My conclusion regarding this matter is bolstered by the reasoning that was used by the Arkansas Supreme Court in Hot Springs Advertising Prom. Comm. v. Cole, 317 Ark. 269, 878 S.W.2d 371 (1994). In that case, it was argued that because advertising and promotion commissions had the power to contract, they therefore had the implied power to sue for breach of contract. The statute in effect at that time expressly authorized AP commissions to enter into certain contracts, but did not expressly authorize them to sue under such contracts. The court held that such authority could not be implied from the statute. A factor that was central to the court's reasoning was that the legislature had in numerous instances granted such authority to other entities, which indicated that if the legislature had intended to grant AP commissions that authority, it would have done so.
The same reasoning can be applied with regard to the authority to purchase and own property. Indeed, in my opinion there is even less basis for implying such authority than there was in Cole for implying the authority to sue.
Accordingly, I conclude that the Harrison AP Commission does not have the authority to purchase or own property.
Question 2 — Would the City of Harrison have to be on the deed if theAP Commission purchased a building?
My response to Question 1 renders this question moot.
Question 3 — If the City of Harrison does have to be named on a deed,could the city and the AP Commission own the building jointly or wouldthe AP Commission be a representative of the city in that instance?
My response to Question 1 renders this question moot.
Question 4 — Other than paying cash for a building, what options wouldthe city or the AP Commission have, as far financing a building?
It is my opinion that the city has various options for financing a building.
First, Amendment 78 to the Arkansas Constitution authorizes cities to incur short-term debt in order to finance the acquisition of real property. The pertinent section of the amendment states:
 (a) For the purpose of acquiring, constructing, installing or renting real property or tangible personal property having an expected useful life of more than one (1) year, municipalities and counties may incur short-term financing obligations maturing over a period of, or having a term, not to exceed five (5) years.
Ark. Const., Am. 78, § 2(a).
The above-quoted section goes on to state various interest rate conditions that must be met in order for a city to avail itself of this authority. It also gives definitions of key terms. For example, it defines "short-term financing obligation" as follows:
 (1) "Short-term financing obligation" means a debt, a note, an installment purchase agreement, a lease, a lease-purchase contract, or any other similar agreement, whether secured or unsecured; provided, that the obligation shall mature over a period of, or have a term, not to exceed five (5) years[.]
Ark. Const., Am. 78, § 2(b)(1).
In addition to the authority that is granted under Amendment 78, cities are authorized to issue bonds (secured by the pledge of tax revenues) to finance capital improvements. This authority emanates from several sources: Ark. Const., Am. 65; Ark. Const., Am. 62, A.C.A. § 14-164-301 etseq. ("The Local Government Bond Act of 1985"); A.C.A. § 14-164-401 etseq. ("The Local Government Capital Improvement Revenue Bond Act of 1985"); A.C.A. § 26-75-201 et seq.; A.C.A. § 26-75-301 et seq.; A.C.A. §26-75-601 et seq. Each of these sources of authority contains various conditions that must be met in order for the city to avail itself of the authority granted. The City of Harrison should consult with its local counsel in order to determine which source of authority would be most appropriate to rely upon for financing the building in question, given all factual considerations, and to assure full compliance with all requirements of that source of authority.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General